HALE *v.* STATE.

(*Knoxville,* September Term, 1942.)

Opinion filed October 10, 1942.

A. D. Hughes, of Johnson City, for plaintiff in error.

Nat Tipton, Assistant Attorney-General, for defendant in error.

Mr. Justice Prewitt delivered the opinion of the Court.

The plaintiff in error, Charles P. Hale, was convicted for the nonsupport of his wife, Ruth Hale, the judgment of the lower court being that he pay $50 per month·for a period of twelve months for her maintenance, and from this judgment plaintiff in error has appealed to this court.

The only question is whether or not plaintiff in error and the prosecutrix were married and whether or not they occupied the relationship of husband and wife.

The prosecutrix, Ruth Hale, testified that in November, 1927, in California, she and the plaintiff in error were married by a justice of the peace by the name of Morrison or Morris and that they lived in California until sometime in 1932, when they came to Johnson City.

It seems that some years thereafter the prosecutrix became virtually blind. About this time plaintiff in error was showing a good deal of attention to another woman, which resulted in a suit by prosecutrix against this woman, and thereafter plaintiff in error no longer supported her, resulting in her being evicted from the

house in which she was living for nonpayment of rent and other hardships towards her.

There is found in the record an application for a marriage license made by the parties on November 27, 1927, with the recital that such license was issued upon that date and signed by the county clerk of the county in which the application was made. There is considerable testimony that for years they lived together in Johnson City as man and wife, and on many occasions plaintiff in error introduced prosecutrix as his wife.

It seems that some time before this indictment was returned the prosecutrix filed suit for separate maintenance against the plaintiff in error in Washington County, and. that plaintiff in error filed an answer admitting their marriage in California, but complained that their married life was unhappy and stormy.

The plaintiff in error claims the marriage was never consummated.

The verdict of the jury and its approval by the trial judge controverts the presumption of innocence applying in the lower court to one of guilt in this court, and the burden rests upon the plaintiff in error to show that the evidence preponderates against the verdict of the jury. *Mahon* v. *State,* 127 Tenn., 535, 156 S. W., 458; *Ferguson* v. *State,* 138 Tenn., 106, 196 S. W., 140.

Plaintiff in error contends that the reason the marriage was not consummated was because the prosecutrix told him in California that her divorce decree had not been made final. The statements of the plaintiff in error are vague and indefinite, and plaintiff in error is in no position to assert now that he and prosecutrix were never legally married when for so many years he held her out as his wife and cohabited with her.

It is true that common-law marriages are not recognized in this State. *Smith* v. *North Memphis Sav. Bank,* 115 Tenn., 12, 89 S. W., 392. However, it is expressly held in that case that where the parties had lived together as man and wife and treated each other as such, and were so accepted by the public at large, an estoppel would arise on the part of each to deny the validity of such marriage.

Applying this doctrine here, it would seem that inasmuch as the testimony shows that the parties had lived together as man and wife for about twelve years, and that they were generally accepted by the public as such, plaintiff in error would now be estopped to deny the existence of such relation, so far at least as liability on his part for her necessaries is concerned.

In *City of New York* v. *Kaiser,* 143 Misc., 737, 257 N. Y. S., 218, it was expressly held that a common-law marriage extending over a period of twelve years was sufficient to sustain a prosecution for nonsupport under the New York statutes.

In *State* v. *Latham,* 136 Tenn., 30, 36, 37, 188 S. W., 534, 536, this court quoted approvingly from *State* v. *Waller,* 90 Kan., 829, 136 P., 215, 49 L. R. A. (N. S.), 588, as follows:

"The duty of a husband to maintain his wife is . . . independent of the native disposition to generosity on the part of relatives, friends, and even strangers, which may be confidently relied on to protect a neglected woman from suffering and want. If a husband fail to provide his wife with the necessaries of life, she is authorized to procure them on his credit, if she can. Civil remedies exist whereby support may be compelled. But the duty is too often evaded in such a way that these measures are wholly inefficient. In view of this fact the Legislature

undertook to provide a method and a sanction adequate to secure performance.''

It is the existence of the obligation that authorizes the prosecution rather than by the manner or means by which it arose. One may be estopped in a criminal case as well as in a civil proceeding. *State* v. *O'Brien,* 94 Tenn., 79, 28 S. W., 311, 26 L. R. A., 252.

We find that the plaintiff in error was not well supported by the proof, and having found no error in the record, the judgment of the lower court is affirmed.