Roy L. Barger *v.* State of Tennessee.

(*Knoxville*, September Term (May Session) 1954.)

Opinion filed June 10, 1955.

WARREN R. WEBSTER, of Knoxville, for plaintiff in error.

NAT TIPTON, Assistant Attorney General, for defendant in error.

MR. JUSTICE PREWITT delivered the opinion of the Court.

The defendant, Roy L. Barger, was convicted of violation of Chapter 211, Public Acts of 1951, and his punishment fixed at a fine of $500.

Section I of the above Act provides as follows:

"It is hereby declared to be unlawful for any person who has been ordered by any court of record of the State of Tennessee to pay any sum of money for the support or maintenance of any child under sixteen years of age to leave the State of Tennessee without first complying with the orders of the Court or while absent from the State failing or neglecting to comply with the orders of the Court." Code Supplement 1951, Sec. 11387.1.

We are making no statement of facts in view of the fact that the bill of exceptions filed by the defendant came too late. *Suggs* v. *State,* 195 Tenn. 170, 258 S. W. (2d) 747.

The defendant, for the first time, raises the question in this Court by challenging the validity of the above statute upon the ground that it discriminates between those persons against whom a judgment has been rendered, and those against whom no judgment has been rendered; and also that this statute violates the privileges and immunities clause, being Article I, Section 8 of the Constitution of Tennessee. *State* v. *Adams,* 137 Tenn. 521, 194 S. W. 579.

The first objection is without merit because the legislature has selected a class to whom the Act applies, and is not limited in its selection as it applies equally to all persons, who may come within the class. *Knoxtenn Theatres* v. *McCanless,* 177 Tenn. 497, 151 S. W. (2d) 164. All that is necessary to stand the test is that there be some reasonable basis for the selection of the particular class. One who is familiar with this class of cases wherein the father, on so many occasions, has, without legal cause, left his family without making reasonable provisions for their support, readily sees the reasonable basis for the selection of this particular class.

It is also made an offense for any person chargeable with the support of a child to leave the State with intent that such child shall become a charge. Code, Section 11386.

The situation of one upon whom a judgment has been rendered is different from that of one against whom no such judgment appears. In the one case the liability of the person is indefinite, while in the other it has not been judicially determined. The lawmakers might deem it too productive of confusion in the case of an unliquidated

obligation to require the person to remain within the State until such time as his obligation has been judicially determined. However, where the existence of the obligation has been determined, no reasonable ground can be advanced to prohibit the legislature from making it unlawful for him to leave the State without satisfying, in some way, the obligation.

 There appears a further reason to justify the classification. The courts are empowered to enforce their judgments by all processes at their command so long as the person is within this jurisdiction. When the person leaves the State the power to enforce the judgment disappears.

In *Hale* v. *State,* 179 Tenn. 201, 164 S. W. (2d) 822, and *State* v. *Latham,* 136 Tenn. 30, 188 S. W. 534, this Court has recognized the power of the Legislature to compel the support of wives and children by means other than the ordinary civil processes.

The present statute can be sustained in furtherance of the jurisdiction of courts to enforce their judgments and decrees.

In *State* v. *Adams,* 137 Tenn. 521, 194 S. W. 579, the Court sustained the statute making it an offense for any person chargeable with the care of a child to leave it destitute. In the present case the judgment has already fixed the liability of the defendant and the same reasoning which sustained the statute in the Adams case upholds this Act.

 We find the same reasoning applied in a Nebraska case, *Fussell* v. *State,* 102 Neb. 117, 166 N. W. 197, L. R. A. 1918F, 421, this case holding an Act of the Legislature, providing for the imprisonment of the husband to make payment for the support of his minor child was not violation of the Nebraska Constitution, which sets out that no

person shall be imprisoned in any civil action for debt.

In *Bronk* v. *State,* 43 Fla. 461, 475, 31 So. 248, 252, the Court stated:

"It is almost universally settled that alimony or maintenance from the husband to the wife is not a debt, within the meaning of constitutional inhibition against imprisonment for debt."

This rule also applies to the obligation of the parents to support their minor child. See also *Judd* v. *Judd,* 125 Mich. 228, 84 N. W. 134.

We are of the opinion therefore, that the statute is not subject to constitutional objection, and the judgment below is affirmed.