STATE OF TENNESSEE

*v.*

WILLARD E. CUPP and JERRY R. PETREE.

384 S.W.2d 34.

(*Knoxville,* September Term, 1964.)

Opinion filed November 12, 1964.

WILLIAM C. MORRELL, FRANCIS A. CAIN, Knoxville, for Willard E. Cupp and Jerry R. Petree.

GEORGE F. McCANLESS, Attorney General, THOMAS E. Fox, Assistant Attorney General, for the State.

MR. SPECIAL JUSTICE ROBERT S. CLEMENT, delivered the opinion of the Court.

The Plaintiffs in error, hereinafter referred to as the Defendants or by name, were convicted of burglary in the third degree and grand larceny, and each sentenced to serve three years in the State Penitentiary. Both assign errors questioning the sufficiency of the evidence. Defendant Cupp relies on an additional assignment wherein he insists that the Court should have granted him a continuance because of the absence of a material witness.

This case is unusual in that the State relies solely upon fingerprints as evidence. On the night of April 9, 1963, sometime between midnight and 5:45 in the morning, the Cumberland Bowling Lanes located at 5700 Oak Ridge Highway, Knoxville, Tennessee, was entered and burglarized. There were a number of vending machines and pinball machines broken into. An investigation was made

by the Knoxville Police Department and fingerprints were lifted from some of the machines. In each machine there is what is referred to as a coin box into which money falls, placed in the machine by customers. These boxes are not accessible to the general public and can only be reached by unlocking the door or prying same open. A print taken from the coin box inside the coca-cola machine was determined by a fingerprint expert, one Lewis J. Webb of the Knoxville Police Department, to be that of Defendant Petree. Defendant Cupp's fingerprints were found on the coin box inside the cigarette machine according to the testimony of the State's witness, Webb. An explanation of the comparison of the fingerprints found on these two coin boxes was made by the State's witness Webb and explained to the jury by showing enlarged copies of the fingerprints found and fingerprints taken of the Defendants after their arrest. These copies were made exhibits to the testimony of the witness and are a part of the record in this cause.

Both Defendants testified in their own behalf and both contended that they were elsewhere on the night in question. Cupp testified that on the night in question he was at home; that he remembered the date because it was on that afternoon that he washed his father's car, went to the grocery store, returned home before seven o'clock and stayed there until noon of the next day. He was supported in this testimony by his mother and his sixteen-year-old brother. Defendant Petree testified that he lived at Fountain City, Tennessee, and that he was at home on the eighth and ninth of April except that part of the time that he was with his girl.

We will first dispose of Defendant Cupp's assignment of error relative to the Court's refusing to grant

a continuance on account of the absence of a material witness. The affidavit which has been made an exhibit in this cause states that Lillie Wrinn, age 71, the grandmother of the Defendant, was ill and unable to attend Court and that she would testify that on the 8th of April, 1963, and the early morning of April 9, 1963, the Defendant Cupp was at home; that she sleeps next to the back door in the house with Defendant and if he had left during the night, she would have awakened and that on Tuesday morning, April 9th, about daylight, the Defendant was in bed with his brother. This evidence would have been cumulative as two members of the family had already testified that the Defendant was at home, and we do not believe the Trial Judge abused his discretion in refusing to grant a continuance.

As heretofore stated, the only evidence that connects these Defendants with the crime is the testimony of Lt. Lewis J. Webb of the Knoxville Police Department. Thus, the appeal here and assignments of error are based almost entirely on the proposition that the evidence adduced herein is insufficient to support the conviction. Forcible argument is made by the Defendants through their counsel that this being the sole evidence to connect them with the crime, it is insufficient upon which a conviction can be predicated. This question was before the Court in the recent case of *Jamison v. State,* 209 Tenn. 426-434, 354 S.W.2d 252. Jamison was indicted for burglary in the third degree wherein he was charged with burglarizing a school in Rutherford County. It was noticed that a Ditto machine in the principal's office had been moved and a member of the Tennessee Bureau of Identification was summoned to the scene and conducted an investigation. In this investigation, he found certain

fingerprints upon the bottom of the Ditto machine. These prints subsequently were proved to be the prints of Jamison and his conviction was upheld. In the opinion of this Court written by now Chief Justice Burnett, fingerprint evidence was discussed wherein the Court stated:

"In the very able briefs of both the plaintiff in error and the State the annotation covering all questions we know anything about in reference to fingerprints, 28 A.L.R.2d beginning at page 1115 and extending through page 1158, is cited. This annotation covers Evidence— Finger, Palm, or Footprint. Counsel for plaintiff in error cite several Texas cases and others from this annotation which illustrate cases where the evidence was insufficient to convict. There are also cited in this same annotation many cases illustrative of where the factual situation showed a sufficiency of the evidence to convict. One such case is *Grice v. State,* 142 Tex.Cr. R. 4, 151 S.W.2d 211, wherein a very full and thorough discussion of the weight to be given fingerprint evidence is set forth. In this opinion the court takes up cases from many jurisdictions wherein the evidence was held sufficient and wherein it was held not sufficient and very clearly sets forth the distinguishing features of the cases. In this opinion the cases relied upon by the plaintiff in error from Texas are clearly distinguished. The court says:

" 'The question we have is whether or not the identity of fingerprints may be used as sufficient identification of the individual or only a circumstance taken with others to identify him.'

"In this opinion the case of *Stacy v. State,* 49 Okl.Cr. 154, 292 P. 885 is quoted from, as follows:

" 'The fingerprints of Stacy were found on the door of the vault. There was no other testimony tending to connect Stacy with the commission of the crime. On appeal he contended that the evidence was insufficient to sustain a conviction. In affirming the judgment of conviction the court said, 292 P. at page 887: "We have no doubt but that the finding of the fingerprints of the defendant on the door of the vault, with the further proof that defendant did not have access to and had not been at the place burglarized so that the print could be accounted for upon any hypothesis of his innocence, is a circumstance irresistibly pointing to his guilt. In conformity to decisions of the courts in many states, we take judicial knowledge that there are no two sets of fingerprints exactly alike." '

"This court then concluded in this Texas case wherein the proof was fingerprints on a pane of glass thus:

" 'The presence of appellant's fingerprints on the portion of the glass covered by the molding is inconsistent with his innocence. It could not have been placed there while the pane was in the door and the molding in place. The evidence was sufficient to authorize the jury's finding. This court has no right to disturb their verdict.'

"We cite and quote the above because the statements there made are peculiarly applicable to the factual situation in the present case.

"In the annotation above referred to at page 1149, the annotator says:

" 'The weight to be accorded the type of evidence herein discussed is a question for the jury to decide

in light of all the surrounding facts and circumstances of the particular case.' ''.

 It is insisted by the Defendants that the evidence preponderates against the verdict. We must keep in mind that the well established rule that the presumption of innocence no longer exists and the Defendants come to this Court with a presumption of guilt; and the burden is on the Defendants to show that the evidence preponderates against the verdict. *Hale v. State,* 179 Tenn. 201, 164 S.W.2d 822. *Mahon v. State,* 127 Tenn. 535-539, 156 S.W. 458; *Batey v. State,* 191 Tenn. 592, 235 S.W.2d 591.

 Another well established rule is that the jury has seen and heard the witnesses, and after seeing and hearing them, has determined the issues against the Defendants. In other words, the credibility of the witnesses has been determined. *McGhee v. State,* 183 Tenn. 20-23, 189 S.W.2d 826, 164 A.L.R. 617. *Ferguson v. State,* 138 Tenn. 106-109, 196 S.W. 140; *Batey v. State,* supra.

Thus, it can be seen that the duty of this Court is to pass on the sufficiency of the evidence in the case at bar, and whether the evidence is sufficient to sustain the verdict; and if we conclude that it is, then it is our duty to affirm the verdict. We can only reverse if we conclude that the evidence preponderates in favor of innocence, but if we conclude that the jury, as triers of facts, agree on the reasonableness of the hypothesis that nothing else except guilt could be drawn from the evidence, then it is our duty to affirm.

 In the case at bar the corpus delicti of the crime is made out. The place of business was burglarized and various sums of money were taken therefrom. The Defendants' fingerprints were found in places not accessible

except by key or breaking into same. The matter boils down to whether or not the testimony of State witness Webb is to be accepted as the truth. There is no evidence in the record that either of the Defendants had ever been in the Cumberland Bowling Lanes prior to April 9, 1963, and there would have been no occasion for their fingerprints being found therein.

The jury believed the testimony of Lt. Webb and the verdict was approved by the Trial Judge. We thus must conclude that his testimony was sufficient evidence to uphold these convictions and the judgment of the lower court must be affirmed.