LEONARD STEELE, Plaintiff in Error, v. STATE OF TENNESSEE, Defendant in Error.—467 S.W.2d 838.

October 13, 1970.

Certiorari Denied by Supreme Court May 3, 1971.

Richard S. Creekmore, Knoxville, for plaintiff in error.

David M. Pack, Attorney General, W. Collins Bonds, Assistant Attorney General, Nashville, Donald R. Coffey and Richard Stair, Jr., Assistant District Attorneys General, Knoxville, for defendant in error.

WALKER, P.J.   The defendant below, Leonard Steele, appeals in error from a judgment of conviction for robbery with a deadly weapon and 25 years' imprisonment. He first contends that the evidence preponderates against the verdict of guilty.

The state's proof showed that the prosecutor, Edward M. Witt, a car salesman from Maryville, went to a beer tavern on Chapman Highway in Knox County for the purpose of trying to sell a car to the proprietor. As he was drinking beer and waiting for the owner to return, the defendant approached him, said he worked for the state, and asked Witt to go outside to talk to him. When Witt went out of the tavern, the defendant placed a knife against his throat and robbed him of $7. The defendant told Witt that he was permitting him to live to tell his uncle that the defendant was coming to kill him. Steele also gave his nickname as ''El Cisco,'' and left in his automobile.

Witt took Steele's license number and officers arrested him that night in an outdoor toilet at the home of his grandmother. They found and recovered a pocketknife in the toilet.

Testifying in his own defense, Steele said on that day he had tried to buy some used automobile parts, after which, accompanied by Charles J. Darnell and Virgil Henegar, he went to the tavern. When they had been there drinking beer 20 or 25 minutes, Witt came in, introduced himself and offered them whiskey. In the conversation it developed that most of them were originally from Monroe County. Witt wanted to gamble on a pinball machine and Steele won most of the participants' money.

In an argument he and Witt scuffled and he knocked Witt down. Steele testified that he had no knife, did not leave the tavern, and did not rob Witt. He denied any knowledge of the knife found on his arrest.

Darnell and Henegar corroborated Steele in his explanation of the events at the tavern. They were Steel's cell mates in the Knoxville jail, imprisoned on charges unrelated to this offense.

The jury accepted the state's theory of the case. Under the evidence presented here, the evidence does not preponderate against the verdict of guilt. See Troglen v. State, 216 Tenn. 447, 392 S.W.2d 925; Logan v. State, 224 Tenn. 228, 453 S.W.2d 766. This assignment is without merit.

The defendant contends that the trial judge should have granted his motion for a continuance due to the ab-

sence of two witnesses, Clyde Terry and Bill Templeton, for whom he had issued subpoenas.

This motion was made on the morning of the trial and was renewed during its progress. Terry was under subpoena and Templeton was not found. The defendant said they were present at the tavern. In overruling the motion the trial judge held that their testimony would be cumulative. Granting a continuance rests in the sound discretion of the trial judge, and he will not be put in error unless it is shown he abused that discretion. We do not think the trial judge abused his discretion in refusing to grant a continuance. See State v. Cupp, 215 Tenn. 165, 384 S.W.2d 34.

██ The defendant says that the state's closing argument was prejudicial in that the attorney general referred to the defendant's past record to influence the jury. We have read the entire argument and find that no objection was made to any remarks of the assistant attorney general. We also find nothing prejudical in the argument. Furthermore, objection must be made at the time of argument for review of improper remarks or argument of counsel. Hunter v. State, 222 Tenn. 672, 440 S.W.2d 1, 15; White v. State, 210 Tenn. 78, 356 S.W.2d 411.

All assignments are overruled and the judgment is affirmed.

Galbreath and Russell, JJ., concur.