Harvey K. MURRAY, Appellant,

v.

STATE of Tennessee, Appellee.

Court of Criminal Appeals of Tennessee.

April 26, 1979.

Certiorari Denied by Supreme Court
Aug. 27, 1979.

Carl E. Anderson, Chattanooga, for appellant.

William M. Leech, Jr., Atty. Gen., Charles L. Lewis, Asst. Atty. Gen., Nashville, Gary D. Gerbitz, Dist. Atty. Gen., Chattanooga, John W. Goza, Jr. and Jon Seaborg, Asst. Dist. Attys. Gen., Chattanooga, for appellee.

OPINION

DUNCAN, Judge,

The appellant, Harvey K. Murray, was convicted in the Hamilton County Criminal Court of obtaining property over the value of $100.00 by false pretense and received a penitentiary sentence of not less than 3 years nor more than 5 years.

In this appeal, the appellant assigns errors contesting the evidence, the trial court's rulings on his petition for writ of certiorari for pre-trial diversion, and the denial of a motion for continuance. We find no merit to his complaints.

The State's evidence which the jury accredited showed that the appellant and Jackie Johnson were partners in a business concern known as the M & J Electronics. On September 7, 1977, the appellant agreed to purchase from Johnson a motorcycle for the price of $500. The appellant represented to Johnson that he would pay for the motorcycle by going to the local hospital and paying the sum of $500.00 on Johnson's mother's hospital bill. Subsequently, John-

son called the hospital, was informed that the money had been paid on the bill, and thereafter, Johnson signed the title to his motorcycle over to the appellant. Shortly thereafter, it was determined that the appellant had paid the hospital bill with a bad check, had closed the office bank account, and had left town. Johnson found the business office closed and all of the office equipment was missing. After the appellant's check to the hospital had bounced, Johnson was held liable for the hospital bill, and commenced making payments on the obligation.

We find it unnecessary to further detail the evidence. The appellant does not seriously contest the evidence, as he does not submit in his brief any argument or offer any citations of authority on his evidence complaint. Suffice it to say that the evidence is more than ample to show that the appellant falsely represented to Johnson that he had paid the hospital bill; that Johnson relied upon the false representation; that Johnson was deceived; and that by reason of this deception, the appellant obtained Johnson's motorcycle. The proof well establishes the elements of this offense. See T.C.A. § 39–1901; *Mullican v. State,* 210 Tenn. 505, 360 S.W.2d 35 (1962). The evidence does not preponderate against the verdict of the jury. *State v. Grace,* 493 S.W.2d 474 (Tenn.1973).

Next, we hold that the trial judge acted correctly in dismissing the appellant's petition for writ of certiorari wherein the appellant sought to have him review the district attorney general's action in refusing the appellant's pre-trial diversion request.

The appellant was indicted on July 12, 1978. Subsequently, the district attorney general refused to agree to a pre-trial diversion program for the appellant. On September 12, 1978, one week before the appellant's trial, he petitioned the trial court requesting a review of the district attorney general's action.

On September 19, 1978, before the commencement of the appellant's trial, the trial judge considered the appellant's peti-

tion, and the district attorney general explained to the court his reasons for not entering into the "Memorandum of Understanding" as contemplated by the statutory scheme of T.C.A. § 40–2105, *et seq.* He stated that the appellant was then under indictment in Hamilton County in at least 9 other cases; that there were other charges which could be brought against him in Hamilton County; and that multiple charges were pending in other Tennessee counties and in 6 or 7 other states.

Obviously, with this information in the possession of the district attorney general, it cannot be said that he acted arbitrarily and capriciously in his refusal to participate in a diversion program for the appellant. There was no abuse of discretion on the district attorney general's part. *See Pace v. State,* 566 S.W.2d 861 (Tenn.1978). Likewise, when the trial judge was apprised of the appellant's status, he was correct in dismissing the appellant's petition for writ of certiorari.

Finally, we hold that the trial court did not err in refusing a continuance in this case.

The appellant was indicted for this offense on July 12, 1978. Counsel was appointed to represent him on July 17, 1978, over two months before his trial. Even though the appellant was charged in several other indictments, this period of time was more than adequate for trial preparations incident to all of his charges. This record fails to show any adequate reason or necessity that would have warranted any continuance. The appellant has failed to show that he was prejudiced by the denial of a continuance. The appellant had a fair trial, and the result in this case would have been the same had his continuance motion been granted. *Maxwell v. State,* 501 S.W.2d 577 (Tenn.Cr.App.1973). We find no abuse of discretion on the part of the trial court in refusing the appellant's motion for a continuance. *State v. Cupp,* 215 Tenn. 165, 384 S.W.2d 34 (1964).

We overrule the appellant's assignments of error. The judgment of the trial court is affirmed.