**STATE of Tennessee, Appellee,**

v.

**Robert W. HARRIS, Jr., Appellant.**

Court of Criminal Appeals of Tennessee, at Nashville.

April 10, 1985.

Permission to Appeal Denied by Supreme Court Aug. 19, 1985.

John R. Phillips, Jr., Gallatin, for appellant.

W.J. Michael Cody, State Atty. Gen. & Reporter, Bettye Springfield-Carter, Asst. State Atty. Gen., Nashville, Bryce Ruth, Asst. Dist. Atty. Gen., Gallatin, for appellee.

## OPINION

BYERS, Judge.

The defendant entered a plea of guilty to violation of T.C.A. § 39-4-113, and preserved the right to appeal issues of law under Rule 37(b)(2)(iv) of the Tennessee Rules of Criminal Procedure. He was sentenced to serve two years in the penitentiary as a standard offender.

The issues for appeal are whether T.C.A. § 39-4-113 is unconstitutional as applied to him by the trial court, and whether the indictment was invalid for failing to allege a specific date of the violation within the statute of limitation.

The judgment is reversed and the case remanded.

The statute in question is as follows:
(a) It is a felony for any person, ordered by any court of record of the state of Tennessee to pay any sum of money for the support or maintenance of any child under the age of sixteen (16) years, to leave the state of Tennessee without first complying with the orders of the court, or, while absent from the state, to fail or neglect to comply with the orders of the court, and said person, upon conviction, shall be punished by a fine not to exceed five hundred dollars ($500), or imprisonment in the state penitentiary at hard labor for a period of from one (1) to three (3) years, or both, in the discretion of the jury.

The defendant's attack upon the constitutionality of the act is two-pronged. He says it denies equal protection under the fourteenth amendment to the United States Constitution and that as applied to him by the trial court it is unconstitutional.[1]

We think the equal protection argument raised by the defendant has been settled against him by a decision in the case of *Jones v. Helms,* 452 U.S. 412, 101 S.Ct. 2434, 69 L.Ed.2d 118 (1981), in which the United States Supreme Court held that a similar statute was not an unconstitutional violation of a citizen's right to travel.

Further, there is no equal protection infringement because a parent who does not leave the state but fails to provide support for a child as ordered by the court commits only a misdemeanor under T.C.A. § 39-4-102. The Court in *Jones* held that if conduct within the state is unlawful, the state may treat the departure from the state thereafter as more serious.

The defendant's assertion that this statute denies equal protection of the law because a non-resident who fails to obey an order of the court would be guilty of a felony while a resident would be guilty of no crime has no basis in fact as raised. A non-resident, who never resided in this state and who never left the state subject to the orders of a court is not subject to the provisions of this statute. It is residency and the unlawful conduct of a resident who

1. The defendant seems to further imply in his brief that because of other enforcement statutes the state should follow other methods of enforcement such as reciprocal support procedures. We need not, however, consider this on the issue raised.

leaves the state as proscribed by the statute that makes parents or others within this classification subject to the penalty. The classification is not unreasonable and does not violate constitutional standards. *Jones, supra.*

The Tennessee Supreme Court upheld the constitutionality of this statute in *Barger v. State*, 198 Tenn. 367, 280 S.W.2d 911 (1955), when it was attacked under the provision of equal protection and a claim that the statute provided for imprisonment for debt.

 We are of the opinion, however, that the trial judge in ruling on the scope of the evidence the defendant would be able to show in defense of this charge effectively denied the defendant due process of law.

At the hearings on the motions to dismiss the indictment, the trial judge ruled that the only evidence relevant on the charge was whether there was an order of support against the defendant, whether he had left the state, and whether he had failed to abide by the order. The trial judge ruled that the defendant could not offer proof that he was unable to pay the support by reason of unemployment or other circumstances. We think this was error.

The statute makes the alleged conduct of the defendant a felony. In its more generally accepted meaning, a felony denotes an act which is done feloniously with intent to commit the unlawful act, which may be either a specific or general intent.

To hold that the defendant could not introduce evidence that his failure to comply with the statute was not intentional would, in our view, amount to incarceration without due process of law. Assuming for this decision that a person so charged could show that during the times alleged in the indictment he was mentally incompetent and unable to understand that his act was wrong or to conform his conduct to the requirement of the law, or that he was physically incapacitated and unable to abide by the order, or that he was forcibly removed from the state against his will, or any other similar defense, the ruling of the trial court would deny the accused the right to interpose a defense.

We conclude, therefore, the defendant is entitled to have the judgment against him reversed and be afforded a new trial.

 The defendant's final claim, that the indictment is void because it does not allege a date within the statute of limitations, is without merit. The date alleged is prior to the date of the return of the indictment. The indictment further alleges that the defendant did fail and neglect to comply with the order of the court while absent from the state. The indictment is not invalid on its face because it does not show the offense occurred within two years of the alleged commission of the offense as required by T.C.A. § 40-2-101(b) in prosecutions for offenses where the punishment is limited to five years or less. The allegation of the unlawful conduct of the defendant while out of the state would continue to constitute a violation of the statute.

Whether the prosecution was timely instituted could be shown in proof by either of the litigants. In the absence of proof on this matter, we overrule the assignment.

DAUGHTREY and SCOTT, JJ., concur.