**STATE of Tennessee, Appellee,**

v.

**William Joseph SLIGER, Appellant.**

Supreme Court of Tennessee,
at Nashville.

Jan. 19, 1993.

Anita M. Holden, Jerry D. Hunt, Lebanon, for appellant.

Charles W. Burson, Atty. Gen. & Reporter, John B. Nisbet, III, Asst. Atty. Gen., Nashville, for appellee.

## OPINION

ANDERSON, Justice.

We granted this appeal to determine whether our flagrant nonsupport felony statute applies to a nonresident who has never resided in Tennessee. The defendant, William J. Sliger, a Texas resident, was indicted by a Wilson County grand jury for the violation of the flagrant nonsupport statute, which provides that the offense is committed when a person leaves or remains without the state to avoid a legal duty of support. The trial court held that the State did not have jurisdiction and quashed the indictment. The Court of Criminal Appeals reversed the trial court, construing the statute as containing no requirement that a nonsupporting parent first leave the state in order to be "remain[ing] without the state." We disagree and conclude that the statutory language "remains without the state" is not applicable to a nonsupporting parent who has never resided in Tennessee. We, therefore, affirm the trial court's judgment of dismissal on the separate grounds stated.

## FACTUAL BACKGROUND

The defendant, William Sliger, and Sandra Sliger were married in Texas in 1976, and lived in Texas with their two children all their married life. Although the exact date is not clear from this sparse record,[1] Sandra Sliger at some point moved alone from Texas to Tennessee with their children. Thereafter, she filed for divorce in Tennessee and served the defendant with process under the long-arm statute. The defendant did not appear, and she was granted the divorce and child support by default. The defendant did not reside and had never even visited in Tennessee. The specific details are not in the record; however, it is undisputed that the defendant failed to comply with the order of child support. After attempts to enforce the order under the Uniform Reciprocal Enforcement of Support Act ("U.R.E.S.A.") in Texas were unsuccessful, the defendant was indicted for flagrant nonsupport under Tenn.Code Ann. § 39–15–101(d)(1) (1991).

The defendant moved to quash the indictment for lack of jurisdiction. At the hearing on the motion, his counsel argued that the phrase in the statute, "or remains without the state," does not contemplate a situation where the nonsupporting parent has never resided in, nor even visited, Tennessee, and contended that a nonresident parent who has never lived in Tennessee cannot be prosecuted for flagrant nonsupport under the statute. Based upon that argument, the trial judge quashed the indictment and dismissed the case. The Court of Criminal Appeals reversed and reinstated the indictment, construing the statute as containing no requirement that a nonsupporting parent first leave this state in order to be classified as "remain[ing] without the state."

## STATUTORY CONSTRUCTION

■ Our role in construing statutes is to ascertain and carry out the legislative intent without unduly restricting or expanding the statute's coverage beyond its intended scope. *See Davenport v. Chrysler Credit Corp.*, 818 S.W.2d 23, 27 (Tenn. App.1991). It is also our duty to adopt a construction which will sustain a statute and avoid constitutional conflict if any reasonable construction exists that satisfies the requirements of the Constitution. *State v. Lyons*, 802 S.W.2d 590, 592 (Tenn. 1990); *Shelby County Election Comm'n v. Turner*, 755 S.W.2d 774, 777 (Tenn.1988); *Kirk v. State*, 126 Tenn. 7, 10, 150 S.W. 83, 84 (1911).

■ The statute to be construed—Tenn. Code Ann. § 39–15–101—provides in pertinent part that:

> (a) A person commits the crime of nonsupport who fails to provide support which that person is able to provide and knows he has a duty to provide to a minor child or to a child or spouse who, because of physical or mental disability, is unable to be self-supporting.
>
> . . . .
>
> (d) A person commits the offense of flagrant nonsupport who:
>
> (1) Leaves or remains without the state to avoid a legal duty of support.
>
> . . . .
>
> (e) Nonsupport under subsection (a) is a Class A misdemeanor. Flagrant nonsupport under subsection (d) is a Class E felony.

The State argues that the defendant's continuing presence in Texas, the state of his domicile, is enough to warrant an indictment for flagrant nonsupport under the phrase "or remains without the state." Relying on the disjunctive "or," the State contends that the ordinary meaning of the statute does not require a defendant to have once lived in Tennessee and left the state. The defendant, on the other hand, contends that the statute does not contemplate a situation where the nonsupporting parent is a resident of another state and has never lived in, nor even visited, Tennessee.

---

1. The record in this case consists solely of an oral stipulation of facts by counsel for both sides.

Under the State's construction, a nonsupporting parent who remains in the state of his or her domicile can be convicted of a felony if that state is not Tennessee, while that same nonsupporting parent can only be convicted of a misdemeanor if the state of his or her domicile is Tennessee.

Several courts have recognized the validity and benefit of statutes that increase the criminal penalties for parents who commit the offense of nonsupport within a state and then flee that state. *Jones v. Helms*, 452 U.S. 412, 101 S.Ct. 2434, 69 L.Ed.2d 118 (1981). However, statutes that simply increase the punishment for nonsupporting, nonresident parents have consistently been held to result in discrimination that denies nonresident parents the equal protection of the laws as guaranteed by the Fourteenth Amendment to the United States Constitution. *In Re King*, 3 Cal.3d 226, 90 Cal. Rptr. 15, 474 P.2d 983 (1976), *cert denied*, 403 U.S. 931, 91 S.Ct. 2249, 29 L.Ed.2d 709 (1971); *People v. Jones*, 257 Cal.App.2d 235, 64 Cal.Rptr. 622 (1967); *Ex Parte Boetscher*, 812 S.W.2d 600 (Tex.Crim.App. 1991).

■■ The right to travel to and reside in any part of this country is guaranteed by the United States Constitution. *Attorney General of New York v. Soto–Lopez*, 476 U.S. 898, 901–902, 106 S.Ct. 2317, 2319–2320, 90 L.Ed.2d 899 (1986) (plurality opinion); *Dunn v. Blumstein*, 405 U.S. 330, 338, 92 S.Ct. 995, 1001, 31 L.Ed.2d 274 (1972); *Shapiro v. Thompson*, 394 U.S. 618, 629–631, 89 S.Ct. 1322, 1328–1329, 22 L.Ed.2d 600 (1969). Statutes that impose greater penalties on nonresident, nonsupporting parents constitute invidious discrimination against the exercise of the constitutional right to travel, which includes the right to select a domicile. *In Re King, supra*, 90 Cal.Rptr. at 21, 474 P.2d at 989; *Ex Parte Boetscher, supra*, 812 S.W.2d at 603–604. Such discrimination denies nonresident parents the equal protection of the

laws as guaranteed by the Fourteenth Amendment to the United States Constitution. *Id.*

When faced with a choice between two constructions, one which will sustain the validity of the statute and avoid a conflict with the Constitution, and another which renders the statute unconstitutional, we must choose the former. *Lyons, supra*, 802 S.W.2d at 592; *Turner, supra*, 755 S.W.2d at 777; *Kirk, supra*, 126 Tenn. at 10, 150 S.W. at 84. Accordingly, we reject the State's reading of the statute and conclude that the phrase "or remains without the state" does not contemplate situations where the defendant is a resident of another state who has never lived in nor visited Tennessee.

Moreover, this construction comports with our earlier approval of the Court of Criminal Appeals' interpretation of a predecessor statute in *State v. Harris*, 696 S.W.2d 546, 547 (Tenn.Crim.App.1985), *appeal denied* (1985). There, the defendant challenged the constitutionality of a former nonsupport statute on equal protection grounds, arguing that nonresidents failing to obey a court order would be guilty of a felony, while residents would be guilty of no crime at all. The *Harris* court rejected that argument, stating that a "non-resident who never resided in this state and who never left the state subject to the orders of a court is not subject to the provisions of this statute." *Id.* at 547. Although the language of the present nonsupport statute is not identical to the language of the former statute [2], it is similar. Moreover, the Sentencing Commission comments to the proposed draft of the current statute indicate that it was enacted to consolidate, not to change, prior Tennessee law. *See Proposed Revised Criminal Code* at 173 (Tennessee Sentencing Commission 1989). Accordingly, the *Harris* court's construction of the former statute and the Sentencing

---

**2.** The former statute at issue in *Harris* was Tenn.Code Ann. § 39–4–113, which provided in part:

    (a) It is a felony for any person ordered ... to pay any sum of money for the support or maintenance of any child under the age of

sixteen (16) years, to leave the state of Tennessee without first complying with the orders of the court, or, *while absent from the state*, to fail or neglect to comply with the orders of the court....

(Emphasis added.)

Commission's history of the present statute buttress our conclusion that the current statutory language, "remains without the state," does not encompass a situation where the nonsupporting parent has never resided in, nor even visited, Tennessee. We therefore construe the felony provision of the statute as applying only to a resident nonsupporting parent who compounds the misdemeanor offense of omission (nonsupport) with an action of commission, i.e. "leaves or remains without the state to avoid a legal duty of support." Accordingly, we conclude the trial court's action in quashing the indictment was proper on the separate grounds stated.

The judgment of the Court of Criminal Appeals is reversed and the trial court's judgment quashing the indictment and dismissing the case is affirmed. Costs of this appeal are taxed to the State.

REID, C.J., and DROWOTA, O'BRIEN and DAUGHTREY, JJ., concur.