IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT NASHVILLE
Assigned on Briefs August 18, 2010

## STATE OF TENNESSEE v. LATOYA T. WALLER

**Appeal from the Criminal Court for Davidson County**
**No. 2005-D-2715     J. Randall Wyatt, Jr., Judge**

—————————

**No. M2009-02132-CCA-R3-CD - Filed October 11, 2010**

—————————

The Appellant, Latoya T. Waller, was charged in a two-count indictment with possession with intent to sell or deliver .5 grams or more of a substance containing cocaine, a Class B felony, and simple possession of marijuana, a Class A misdemeanor.  See Tenn. Code Ann. §§ 39-17-417(c)(1), -418(c).  Pursuant to a plea agreement, she pleaded guilty to simple possession of marijuana, and the State dismissed the felony cocaine charge.  She subsequently filed a Motion for Expungement and requested that the trial court expunge the felony cocaine charge from her record.  The trial court denied her motion.  In this appeal by writ of certiorari, the Appellant contends that the trial court erred by denying her Motion for Expungement of count one of the indictment.  After reviewing the record, we reverse the denial of the Appellant's motion and remand to the trial court for entry of an order requiring expungement of all records relating to the felony cocaine charge, count one of the indictment.

**Tenn. Code Ann. § 27-8-101 Appeal by Writ of Certiorari; Judgment of the
Criminal Court Reversed; Remanded**

DAVID H. WELLES, J., delivered the opinion of the Court, in which NORMA MCGEE OGLE and ROBERT W. WEDEMEYER, JJ., joined.

Emma Rae Tennent, Assistant Public Defender, Nashville, Tennessee, for the appellant, Latoya T. Waller.

Robert E. Cooper, Jr., Attorney General and Reporter; Deshea Dulany Faughn, Assistant Attorney General; Victor S. Johnson, III, District Attorney General; and Ben Ford, Assistant District Attorney General, for the appellee, State of Tennessee.

## OPINION
### Factual Background

On October 21, 2005, a Davidson County grand jury indicted the Appellant on two counts: possession with intent to sell or deliver .5 grams or more of a substance containing cocaine, a Class B felony, and simple possession of marijuana, a Class A misdemeanor. See Tenn. Code Ann. §§ 39-17-417(c)(1), -418(c). Both counts of the indictment arose from the Appellant's arrest on April 7, 2005, at which time officers observed three plastic bags filled with cocaine and marijuana in a car in which the Appellant was a passenger. On February 1, 2006, pursuant to a plea agreement, she pleaded guilty to simple possession of marijuana, count two of the indictment, and the State dismissed the felony cocaine charge, count one of the indictment. The Appellant received a sentence of eleven months and twenty-nine days; however, her sentence was suspended, and she was placed on supervised probation.

On July 28, 2009, after she had successfully completed her probationary period, the Appellant filed a Motion for Expungement in the Davidson County Criminal Court and requested that count one of the indictment be expunged from her record, citing State v. Gerald Gifford, No. E2006-02500-CCA-R3-CD, 2008 WL 1813105 (Tenn. Crim. App, Knoxville, Apr. 23, 2008), perm. to appeal denied, (Tenn. 2008). The State opposed the Appellant's motion and argued that the factual scenario in Gifford was distinguishable from the instant case because the counts at issue in Gifford occurred at separate times and were not a result of the same course of events. The State also argued that the partial expungement the Appellant was requesting "would create an undue burden on the entire system."

The trial court held a hearing regarding the Appellant's motion on August 14, 2009. At the motion hearing, the State presented testimony of the Chief Clerk of the Davidson County Criminal Court Clerk's office, Tommy Bradley. He explained that if he received an order to expunge one or two counts of a multi-count indictment, the clerk's office "would simply black out those particular counts or shred those counts, if there's no other defendants listed. . . . And then we would shred the unrelated—or the underlying warrants that relate to the count that was ordered to be expunged." He stated that partial expungement orders caused a "dilemma" for the clerk's office because "it's difficult for us to answer to the public or anybody else why those have been blacked out, because we can't admit that something's been expunged, because then we're admitting something actually existed." Mr. Bradley also stated that the Clerk's office would have to go through all discovery and black-out or shred references to the counts being expunged, which was difficult because the people who worked in the clerk's office were not lawyers. The trial court took the Appellant's motion under advisement and filed a written order on September 10, 2009.

In its order, the trial court wrote, "This [c]ourt agrees with the logic of Gifford and finds that a conviction for one count does not necessarily preclude expungement for all other counts in the indictment." However, the court found that the Appellant's two indicted offenses were "impossibly intertwined," citing State v. Adler, 92 S.W.3d 397, 403 (Tenn.

2002), and "that the efforts necessary to redact and eliminate this information while maintaining the records for the convicted offense—records which may become critical in future criminal cases—would be prohibitive." The Appellant timely filed her Notice of Appeal, "by writ of certiori pursuant to T.C.A. § 27-8-101."

**Analysis**

On appeal, the Appellant contends that the trial court erred by denying her Motion for Expungement of one count, which was dismissed, of a two-count indictment. The State argues that the trial court correctly denied the Appellant's motion because she pleaded guilty to one count of a multi-count indictment, and was therefore precluded from obtaining an expungement under Tennessee Code Annotated section 40-32-101(a)(1). The State also argues that our decision in Gifford was "wrongly decided" because we concluded that the term "case," as used in the statute at issue, meant each separate count of the indictment. To support that argument, the State asserts that we should adopt the statutory interpretation provided in Attorney General Opinion 06-003, rather than our previous decisions on the subject.

On the date of the Appellant's alleged unlawful conduct, and her conviction on count two, the applicable expungement statute stated as follows:[1]

> All public records of a person who has been charged with a misdemeanor or a felony, and which charge has been dismissed, or a no true bill returned by a grand jury, or a verdict of not guilty returned by a jury, and all public records of a person who was arrested and released without being charged, shall, upon petition by that person to the court having jurisdiction in such previous action, be removed and destroyed without cost to such person; however, the cost for destruction of records shall apply where the charge or warrant was dismissed in any court as a result of the successful completion of [a] diversion program *. . . provided, however, that when a defendant in a case has been convicted of any offense or charge, including a lesser included offense or charge, the*

---

[1] We note that the State argues that the statute in effect at the time of a case's disposition should govern a future expungement. However, the authority that the State relies on, State v. Hanners, 235 S.W.3d 609, 613-14 (Tenn. Crim. App. 2007), only held that a defendant convicted of a lesser-included offense, before May 22, 2003, was entitled to the benefit of the expungement statute as of the date of his conviction and sentencing. We decline to extend the rationale of Hanners because it is irrelevant which version of the statute we consider in our analysis in the instant appeal. The Appellant's alleged unlawful conduct occurred on April 7, 2005, and she was convicted of count two of the indictment on February 1, 2006. The relevant portions of section 40-32-101 of Tennessee Code Annotated were identical on both dates. We also note that on May 12, 2006, the statute was amended, but we agree with the State that "the post-2006 version is not legally distinguishable from the version at issue here."

-3-

> *defendant shall not be entitled to expungement of the records or charges in such case pursuant to this part.*

Tenn. Code Ann. § 40-32-101(a)(1) (2005). The emphasized portion of the statute, which is the subject of this appeal, was amended on May 22, 2003, as a reaction to our supreme court's holding in State v. Adler, 92 S.W.3d 397 (Tenn. 2002). See Gifford, 2008 WL 1813105, at *4 (noting that the legislative history for the 2003 amendment to the expungement statute was based on the Adler decision). In Adler, the supreme court held, based on the expungement statute at the time, "that a defendant who is convicted of a lesser-included offense of the offense sought in the indictment or presentment is entitled to have the record expunged of any greater charge(s) for which the jury finds the defendant not guilty." 92 S.W.3d at 403.

In order to determine the intent of the legislature when confronted with an issue of statutory interpretation, "this Court may look to the language of the statute, its subject matter, the object and reach of the statute, the wrong or evil which it seeks to remedy or prevent, and the purpose sought to be accomplished in its enactment." State v. Collins, 166 S.W.3d 721, 726 (Tenn. 2005) (internal quotation marks and citation omitted). However, we must "ascertain and carry out the legislative intent without unduly restricting or expanding the statute's coverage beyond its intended scope." State v. Sliger, 846 S.W.2d 262, 263 (Tenn. 1993). With regard to the expungement statute, our supreme court has opined that it was enacted "to prevent a citizen from bearing the stigma of having been charged with a criminal offense, where he was acquitted of the charge or prosecution of the charge was abandoned." State v. Doe, 588 S.W.2d 549, 552 (Tenn. 1979).

This Court has had two opportunities to examine Tennessee Code Annotated section 40-32-101 since the 2003 amendment: Gifford, 2008 WL 1813105, and Roland R. Smith v. State, No. M2008-02196-CCA-R3-CO, 2010 WL 681412 (Tenn. Crim. App., Nashville, Feb. 25, 2010). In Gifford, the appellant was indicted on four counts—one count of driving under the influence (DUI) and three counts of felony reckless endangerment. 2008 WL 1813105, at *1. He pleaded guilty to the DUI charge, and successfully completed judicial diversion for the three counts of reckless endangerment. Id. The trial court denied the appellant's request to expunge the three reckless endangerment counts from his record based upon Attorney General Opinion No. 06-003, which interpreted the 2003 amendment to the statute as prohibiting such a request. Id.; see Tenn. Att'y Gen. Op. 06-003 (2006). In analyzing the 2003 amendment, this Court explained that a "review of the legislative history reflects only the consternations of the circuit court clerks in effecting expungement of the public records *when a conviction for a lesser-included offense is returned.*" Gifford, 2008 WL 1813105, at *4 & n.2 (quoting Senator Ramsey's statements regarding Senate Bill 879 on April 1, 2003) (emphasis added). We further noted that we disagreed with the Attorney General's

interpretation that the amendment prohibited an expungement of any count of a multi-count indictment, after at least one conviction, because "it is fundamental that each count of an indictment represents a separate criminal charge, or case, and that a conviction under each count of the indictment requires a separate judgment of conviction." Id. at *4. We elaborated that, when interpreting the term "case" in Tennessee Code Annotated section 40-32-101(a)(1), it meant "each individually numbered count or criminal offense alleged within the indictment. Thus, a multi-count indictment represents multiple criminal cases." Id. at *4-5. We reversed the trial court's denial of the appellant's expungement motion and concluded that, when an appellant is convicted of at least one count of a multi-count indictment, the statute does not preclude the expungement of other counts in the indictment. Id. at *4.

In Smith, the appellant was indicted for six counts of rape of a child, nine counts of statutory rape, and three counts of especially aggravated sexual exploitation of a minor. 2010 WL 681412, at *1. An amended indictment was issued that omitted the six counts of rape of a child. Id. The appellant, who was convicted of all of the indicted offenses, then filed a motion to expunge his record of the six counts of rape of a child. Id. The trial court denied his motion and we reversed, relying on the rationale set forth in Gifford, and remanded for an entry of an order expunging all public records regarding the six counts of rape of a child. Id. at *1, 5.

Once again, we decline to adopt the Attorney General's interpretation of the statute. We conclude that the reasoning articulated in the Gifford and Smith decisions is sound, and we will examine the instant case in the same fashion. Here, the Appellant was indicted on a two-count indictment for felony cocaine possession with the intent to sell, count one, and simple possession of marijuana, count two. As part of a plea bargain, she pleaded guilty to count two and the State dismissed count one. Because each of the two counts on the Appellant's indictment represented a different criminal case, we conclude that she was not "convicted of any offense or charge, including a lesser included offense or charge," and is not barred from seeking an expungement under Tennessee Code Annotated section 40-32-101(a)(1). Thus, because count one was dismissed, the Appellant is eligible to have all public records relating to count one removed and destroyed. See Tenn. Code Ann. § 40-32-101(a)(1) (2005) ("All public records of a person who has been charged with a misdemeanor or a felony, and which charge has been dismissed . . . shall, upon petition by that person to the court having jurisdiction in such previous action, be removed and destroyed without cost to such person."). Therefore, we conclude that the trial court erred by denying the Appellant's Motion for Expungement of her felony cocaine charge, count one of the indictment.

**Conclusion**

Based on the foregoing authorities and reasoning, we reverse the judgment of the trial court. This case is remanded to the trial court for entry of an order of expungement of all public records relating to count one of the indictment, possession with intent to sell or deliver .5 grams or more of a substance containing cocaine.

_____

DAVID H. WELLES, JUDGE