McKinney, J.
delivered the opinion of the court.
The question in this case is, whether the plaintiff in error, or the defendant, is entitled to the office of clerk of the circuit court of Hancock county. ■ The act to establish said county was passed on the 7th day of January, 1844. By the 7th sec. of the act, it is provided, that the election of county officers for said county shall be on the same day and under the same rules and regulations as provided by the law for the election of officers in the other counties in this State. And, by the 20th sec., it is further provided, that if said county “shall fail to organize against the *212 first Saturday in March next, and consequently fail to elect-necessary county officers, as prescribed in the 7th section of this act, they shall proceed to elect their county officers on the first Saturday in July next-thereafter, under the same rules and regulations as now prescribed by law, and'such officer's, so elected, shall hold their offices until the regular time of electing county officers in this State, and no longer.” There was no organization of said county under the foregoing act, and, at the ensuing session of the General Assembly, viz, on the 29th day of January, 1846, an amended act was passed, authorizing the commissioners to procure a re-survey of said county, so as to avoid constitutional objections. The 2d section of said amended act provides, “that after the commissioners shall have made the re-survey of said county of Hancock, as provided “for in the first section of this act, they shall then proceed to organize said county of Hancock, as required by the act which this is intended to amend.” It appears from the statement of facts agreed upon by the parties, and set forth in the record, that said county was organized “ by the election of county officers on the Sd day of December, 1846, at which election Marshal Brewer was elected clerk of the Circuit Court of Hancock county; and at the October' term, 1847, of said Circuit Court, said Brewer was admitted to the office of Clerk of said Court;” and it is further agreed that at the election for county offioers in said county, at the regular time of election, viz, on the 4th day of March, 1848, the defendant in error, William B. Davis, was lawfully elected by the people clerk of said court.
At the May term, 1848, of said court, the defendant in error produced to the court the certificate of his election, and moved to be admitted to qualify, and to be inducted into said office. This motion was opposed by the plaintiff *213 in error, who claimed the right to hold said office for the term of four years from his election, and leave was granted him by the court to appear and defend his right thereto. On argument, the circuit judge held that the defendant in error was legally entitled to said office, and ordered that he should be qualified and admitted accordingly — to reverse which order, an appeal in error is prosecuted in this court. We are of opinion, upon the foregoing' state of facts, that the defendant in error was properly held entitled to be admitted to said office ; but for a reason very different from that urged in argument in his behalf. It is unquestionably true, that the election of Brewer to the said office on the 3d of December, 1846, had such election been authorized by law, would have entitled him to hold the office for the full term of four years from the time of his qualification, notwithstanding any restriction which the legislature may have attempted to impose, limiting his continuance in office to a shorter period. The amended constitution, art. 6, sec. 13, in plain terms, provides, that “clerks of such inferior courts as may be hereafter established, which shall be required to be holden in the respective counties of this State, shall be elected by the qualified voters thereof for the term of four years.” There is no authority to be found in the constitution for an election for a shorter period. And, although the election may be fixed, as in this case, at a time different from that appointed by law for the election of county officers, in the other counties of the State, or to fill a vacancy occasioned by the death, resignation, or removal of the prior incumbent, still, in either case, the person elected will be entitled to hold his office for the full constitutional term. It is not competent for the legislature to shorten the term, and any enactment to that effect is void. Such is the rule applicable to all elections under the *214 constitution, whether by the legislature or people. The argument that this rule will lead to confusion, and want of uniformity in the time of holding the elections, is of little force ; for, as is said in the case of Powers vs Hurst, 2 Hum. 24, such uniformity is of no practical utility, and, were it otherwise, is not attainable. If, therefore, the case rested solely upon this ground, we should not hesitate to reverse the judgment of the Circuit Court. But, we regard the election of Brewer as illegal and void ab initio. The act of 29th January, 1S46, makes no provision whatever for holding an election for county officers in said county, except it be impliedly, by reference to the provisions of the previous act of 1844. But, were it allowable by construction, to hold that the provision of the- 20th section of the act of 1844, was applicable to the subsequent act; and that the intention of the legislature was, that if said county were not organized in time to hold an election for couniy officers on the first Saturday of March, 1848, that such election might be held on the first Saturday of July next thereafter, though this would be pressing the doctrine of construction to the verge of the law, if not beyond; still, it would avail the plaintiff in error nothing, inasmuch as it would not authorize an election on any other or different day than that specified. The right to hold an election cannot exist,, orbe exercised, without an express grant of the power to do so by the legislature. Hence, the election of the plaintiff in error on the 3d day of December, 1848, was without authority of law, and consequently vested him with no legal right to said office. And the defendant in error, having been legally elected, is entitled to be admitted and qualified as clerk of said court. Upon this ground, we affirm the order and judgment of the Circuit Court.