BROOKSIDE MILLS, INC.

*v.*

Z. D. ATKINS, Commissioner, etc.

(*Nashville,* December Term, 1958.)

Opinion filed March 12, 1959.

Denney & Leftwich, Nashville, for appellant.

George F. McCanless, Attorney General, Allison B. Humphreys, Solicitor General, Milton P. Rice, Assistant Attorney General, for appellee.

Mr. Justice Prewitt delivered the opinion of the Court.

The Chancellor found in favor of the State and the complainants below, Brookside Mills, Inc., appealed.

The complainants filed their bill in the Chancery Court to recover certain excise taxes paid under protest. There was an answer filed by the State justifying the collection.

It appears that the complainant below is a Delaware Corporation, domesticated in Tennessee, with a manufacturing plant located at Knoxville, at which it carried on its sole business, that of manufacturing textiles. It maintained an executive office in New York City, from which sales were made and it carried its principal bank account in a Chicago bank.

It seems that the complainant, during the fiscal year ending February 29, 1952, purchased cotton futures in Rhode Island as an outright speculation and upon the liquidation of these contracts during the tax year a profit of $150,217.50 was realized.

These investments were authorized by the Board of Directors and the minutes will so show.

Complainant considered this profit as a capital gain, and did not show it on its franchise and excise tax return for the fiscal year ending February 29, 1952, taking the position that this type of transaction had no connection with its business operations in Tennessee, and therefore was properly excluded pursuant to Regulation No. 24 of the Franchise and Excise Tax Rules and Regulations. The Regulation No. 24 relied upon by the complainant became effective April 17, 1953, and is as follows:

"24. Income determined by the Commissioner not to be related to operations in Tennessee will be deducted from net income in arriving at net earnings for excise tax purposes, but such deductions must be net after related expenses. The ratios apportionment in Sections H, I, J, and K will be determined by excluding all property, costs, sales, or receipt figures used in, derived from, or connected with, the production of nonapportionable income. Such type of income includes dividends, royalties, interest, rents from property outside of Tennessee, and gain or loss from sale of capital assets located outside of Tennessee, and having no connection with the business operated in Tennessee."

The Regulation No. 24, which was in effect during the tax year ending February 29, 1952, was substantially the

same as the one above quoted and relied upon by complainant, except for the following language:

"Such types of income includes dividends, royalties, interest, rent from property outside of Tennessee, and gains or losses from sales of capital assets located outside of Tennessee, and having no connection with the business operated in Tennessee."

The complainant used the statutory formula for a manufacturing type of business in making its return for the year in question.

The complainant did not pay the tax to any other state based upon the profits realized from the purchase and sale of the cotton futures.

It appears that it was not the policy of the Franchise and Excise Tax Division to treat earnings such as those realized from complainant's speculation in cotton futures as *non-apportionable* earnings either under the regulation in effect at the time said earnings were realized, in 1951, or under the regulation adopted April 17, 1953, the one relied upon by complainant. It was the regular practice of the Department to treat income of this character as apportionable. In this connection the Department followed T.C.A. secs. 67-2706 to 67-2712.

This Court, upon numerous occasions has held that all the net earnings of a corporation, without regard to the source from which they were derived, constituted the measure of the excise tax and that since the statute did not define the term "net earnings" it must be given its usual and ordinary meaning, that is what is left of earnings after deducting necessary and legal items of expense incident to the corporate business.

In this connection see *General Shoe Corporation v. Stokes,* 181 Tenn. 286, 181 S.W.2d 146; *American Bemberg Corp. v. Carson,* 188 Tenn. 263, 219 S.W.2d 169; *Dickey Clay Mfg. Company v. Dickinson,* 200 Tenn. 25, 289 S.W.2d 533. See also *National Life and Accident Insurance Company v. Dempster,* 168 Tenn. 446, 79 S.W. 2d 564.

It was the intention of the Legislature that all net earnings of a corporation, from whatever source derived, shall constitute the measure of the tax.

We think the Department of Finance and Taxation was well within its authority in demanding the payment and collection of this tax.

The assignments of error are overruled and the decree of the Chancellor is affirmed.