**Bill McPHERSON, Plaintiff Appellee,**

v.

**James R. EVERETT, Jr. et al., Defendants Appellants.**

Supreme Court of Tennessee.

Feb. 20, 1980.

William M. Leech, Jr., Atty. Gen., Kenneth R. Herrell, Asst. Atty. Gen., William Howard, Metropolitan Legal Dept., Douglas S. Johnston, Jr., Nashville, for defendants-appellants.

Charles Galbreath, Galbreath, Schneider & Zanetis, P. C., Nashville, W. Mitchell Crawford, III, Franklin, for plaintiffs-appellees.

## OPINION

HENRY, Judge.

The sole issue presented by this appeal [1] is the meaning of the phrase "next election occurring after the vacancy" contained in Article VII, Section 2 of the Constitution of Tennessee, in the context of a vacancy in a county office.

### I.

*Factual Background—Action of
Trial Court*

A vacancy in the office of County Clerk of Metropolitan Nashville and Davidson County was created on January 6, 1980, as a result of the death of Robert E. Worrall, the long-time incumbent. On February 5, 1980, the Metropolitan Council appointed plaintiff, Bill McPherson, to serve "until a successor is elected at the next election occurring after the vacancy and is qualified." [2] Article VII, Section 2, Constitution of Tennessee.

This controversy originated with a suit for a declaratory judgment filed in the Chancery Court at Nashville, by Bill McPherson, a declared candidate for the office of County Clerk. Named as parties defendant are the members of the Davidson County Election Commission, the State Coordinator of Elections, the Attorney General of the State, and the Chairman of the Democratic Executive Committee of Davidson County.

1. Jurisdiction of this appeal as of right was properly perfected directly to this Court under Section 16–408, T.C.A., because the sole determinative question is one of constitutional interpretation and construction.

2. The legality of his appointment and procedural aspects thereof are not at issue in this suit.

The complaint alleges that the Democratic Primary Board contemplates certifying to the Election Commission the name of a nominee to fill the vacancy together with a request that the election be held at the same time and places as the Presidential Preference Primary election on May 6, 1980. Plaintiff avers that there is confusion as to the meaning of the phrase "next election" as used in the Constitution. While expressing his belief that the "next election" is the regular August general election, and indicating his desire to run at that time, the plaintiff recognizes the insistence that the vacancy be filled at the Presidential Preference Primary. Accordingly, he seeks a declaration of the respective rights and obligations of the parties.

The response of the defendants,[3] filed by the Attorney General of Tennessee, denies the existence of any confusion and asserts that on the date of the Presidential Preference Primary, the Davidson County Election Commission will be conducting "a general election" to fill a vacancy in the office of County Clerk, "separate and apart from the general elections [held] by the political parties for the election of delegates to their party's national nominating conventions."[4] They assert that the Davidson County Election Commission will be conducting the separate "general election" pursuant to a directive from the Coordinator of Elections.

Appended to its answer is a copy of a directive from the coordinator to all County Election Commissioners which directs that

[A]ny county vacancy you presently have filled by appointment, should *appear on the May 6, 1980 Presidential Preference Primary ballot* as a special general election for such office for the unexpired term. (Emphasis supplied).

---

3. The party chairman filed a motion to dismiss which does not go to the merits of the controversy and is not before the Court.

4. Citing *Cousins v. Wigoda*, 419 U.S. 477, 95 S.Ct. 541, 42 L.Ed.2d 595 (1975), in the complaint, defendants assert that the election of party delegates pursuant to the Presidential Convention Delegate Act of 1976 (Sections 2–13–301 et seq.) is a general election and not a primary. We do not find it necessary here, or

The Chancellor, in a well-considered opinion, concluded that the words "next election" mean "the next election at which an election can be held to fill the particular office." This follows, according to the Chancellor, from the fact that Article VII, Section 5, "sets a uniform date for all county office elections—the first Thursday in August."

We affirm, but not alone on the reasoning of the Chancellor.

## II.

### Constitutional Considerations

The Constitution of 1870 was silent as to the structure of county government. Article VII, Section 1 enumerated various county offices. Section 2 determined the proper method of filling vacancies and provided that after an appointment to a vacancy, "such office shall be filled by the qualified voters at the first election for any of the County officers." The effect of this provision was to require that vacancies be filled at a regular August general election.

The 1977 Limited Constitutional Convention rewrote Article VII, Sections 1 and 2.[5] In addition to providing a new and basic framework for the government of Tennessee counties, it was provided in Section 2 that "[v]acancies in county offices shall be filled by the county legislative body, and any person so appointed shall serve *until a successor* is elected at the next election occurring after the vacancy and is qualified." (Emphasis supplied).

It should be noted that not all of Article VII was included within the call of the Limited Constitutional Convention. Consideration was limited to

elsewhere in this opinion, to discuss this insistence. Suffice it to say an election coincidentally held on the date of this election is not a general or regular election as contemplated by Tennessee law.

---

5. The amendment was approved by referendum on March 7, 1978, and proclaimed by the Governor on March 31, 1978.

Article VII, Sections 1 and 2 relative to county officers, their election, terms and removal and the filling of vacancies. *See* Sec. 1, Ch. 848, Public Acts of 1976.

Thus, the Limited Constitutional Convention was restricted to these two sections and the convention was precluded from considering subjects not included within the call. *Snow v. City of Memphis*, 527 S.W.2d 55 (Tenn.1975). Therefore, Article VII, Section 5, providing for the election of officers, was left intact. This section provides, in part, that "[e]lections for Judicial and other civil officers[6] shall be held on the first Thursday in August" of 1870 and "forever thereafter on the first Thursday in August next preceding the expiration of their respective terms of service." Additionally, Article IV, relating to elections, was left intact.

This provision goes on to say, however, that "[n]o special election shall be held to fill a vacancy in the office of Judge or District Attorney, but at the time herein fixed for the biennial election of civil officers; and such vacancy shall be filled at the next biennial election recurring more than thirty days after the vacancy occurs."

■ It would seem to follow that the Legislature is empowered to provide for special elections to fill all other vacancies.

Analytically, the Constitution seems to provide:

a. that vacancies in county offices are filled by appointment of the county legislative body. (Article VII, Section 2).

b. that a person so appointed serves until a successor is chosen *at the next election* occurring after the vacancy and is qualified. (Article VII, Section 2). This provision is somewhat ambiguous and is not self-executing.[7]

c. that the Legislature may provide for special elections to fill vacancies in county offices. (Article IV; Article VII, Section 5). These provisions are not self-executing, but require affirmative legislative action.

■ We think it clear that it is the constitutionally declared public policy of this state that elections wherein the people speak with finality in the selection of county officials be "forever" held on the first Thursday in August of even numbered years. The Chancellor was correct in this regard.

■ We hold that the phrase, "next election occurring after the vacancy," as used in Article VII, Section 2 of the Constitution of Tennessee, does not include any primary election.

■ This, however, standing alone, does not prohibit a special election on May 6, 1980, conducted simultaneously but independently of the primaries. This does not preclude the use of the same voting machines. In voting precincts using paper ballots, or other devices, separate ballots or devices must be used to preserve the required separation and identity of candidates and issues. Such an election, however, would be a special election.[8] *See State ex rel. Higgins v. Dunn*, 496 S.W.2d 480 (Tenn. 1973).

A special election, however, would not be conducted pursuant to Article VII, Section 2 of the Constitution, but by virtue of the implied recognition that such elections are proper under Article VII, Section 5 and Article IV, relating to elections.

■ Early in the history of our statehood, this Court held that the right to hold an election does not exist absent an express grant of power by the Legislature. *Brewer v. Davis*, 28 Tenn. 208 (1848). This continues to be the law.

We note that Chapter 14 of the Election Code requires special elections "[w]hen a vacancy in any office is required to be filled

---

6. All governmental officers are civil unless military. *State ex rel. Thomas v. Davis*, 159 Tenn. 693, 21 S.W.2d 623 (1929).

7. *See State ex rel. Maner v. Leech*, 588 S.W.2d 534, 537 (Tenn.1979), and cases cited therein.

8. There is no such process as a "special general" election. This is a contradiction in terms.

by election at other times than those fixed for general elections." There is no such legislative requirement in a vacancy in the office of county clerk.

We conclude that until such time as the Legislature speaks affirmatively and with specificity upon the subject, the phrase "next election," when considered in the context of Article VII, Section 5 of the Constitution voicing the constitutional imperative that elections of judicial and civil officers be elected on the first Thursday in August "forever thereafter" and when considered in the light of almost two centuries of custom, tradition, habit and practice, must be held to mean the regular August general election. We recognize, however, the right of the Legislature to act under Article VII, Section 5, but only in a manner consistent with that article.

The action of the Chancellor is affirmed. The Primary Election scheduled for May 6, 1980, may be conducted, but only as a party primary. The County Clerk will be elected on August 7, 1980.

BROCK, C. J., and FONES, COOPER and HARBISON, JJ., concur.