STATE of Tennessee ex rel. Ronald
A. WEBSTER,

v.

Lucille Holt LaBONTE, Appellee.

Appeal of Lillian G. BEAN.

Supreme Court of Tennessee.

March 31, 1980.

Rehearing Denied May 5, 1980.

William M. Leech, Jr., Atty. Gen., William W. Hunt, III, Asst. Atty. Gen., Ronald A. Webster, Dist. Atty. Gen., A. L. Witt, Asst. Dist. Atty. Gen., Knoxville, for appellant State.

Cecil D. Meek, Jr., Edward L. Summers, Knoxville, for appellee LaBonte; Haynes, Meek, Jones, Summers & Harwell, Knoxville, of counsel.

William A. Zierer, Richard W. Krieg, Knoxville, for appellant Bean; Morton, Lewis & Krieg, Knoxville, of counsel.

OPINION

FONES, Justice.

This is a quo warranto action challenging the authority of the circuit and general sessions judges of Knox County to fill a vacancy in the office of clerk of the circuit and general sessions court for Knox County.

On February 1, 1979, a vacancy occurred in the office of clerk of the circuit and general sessions court for Knox County as the result of the resignation of the incumbent. By an order dated February 7, 1979, three circuit judges for Knox County appointed appellee LaBonte to fill the unexpired term. Appellee satisfied the prerequisites and assumed the office. On February 12, 1979, the Knox County Quarterly Court appointed appellant Bean to fill the vacancy, acting under the authority of the 1978 amendment to Article VII, Section 2 of the Tennessee Constitution and T.C.A. § 5–551(b) (1978).

The State on relation of the District Attorney General for the third judicial circuit

brought this action to which both claimants to the office filed answers and the State Attorney General intervened because the constitutionality of a state statute was at issue. The case was submitted upon the pleadings, stipulated facts, and the argument of counsel. The Chancellor filed a memorandum opinion in which he made the following findings: that the office of circuit and general sessions court clerk is a county office; that according to the 1978 constitutional amendment to Article VII, Section 2, only the county legislative body has the power to fill a vacancy in a county office; that Knox County has no legislative body within the purview of the constitutional amendment because T.C.A. § 5–551(b) has been declared unconstitutional; and that since Knox County has no legislative body, the circuit judges may fill the vacancy pursuant to a similar power held by them prior to the constitutional amendment to Article VII, Section 2.

Subsequent to the chancellor's opinion and prior to argument in this case, this Court handed down its opinion in *State ex rel. Maner v. Leech*, 588 S.W.2d 534 (Tenn. 1979). In *Maner* we specifically upheld the constitutionality of T.C.A. § 5–551(b), the enabling legislation providing for an orderly transition of county government in Knox County under the 1978 constitutional amendments to Article VII, Sections 1 and 2. In addition, we specifically held:

> "Article VII, Section 2, provides, in part, that '[v]acancies in county offices shall be filled by the county legislative body. . . .'
>
> This section is non-self-executing and is dependent for its vitality upon the adoption of legislation. Chapter 934, Public Acts of 1978, gave the section vitality; but effective on and after September 1, 1980, when the county legislative body is inducted into office. Until that time the appointive power resides in the quarterly court." *Id.* at 542.

Thus, *Maner* removed the impediment found by the learned chancellor for deferring application of the 1978 constitutional

amendment and vested the Knox County appointive power for offices embraced in Article VII, Section 2, Tennessee Constitution in its Quarterly Court until September 1, 1980.

All that remains is to determine whether the chancellor was correct in holding that the office of clerk of the circuit and general sessions court is a county office. We agree with the chancellor.

In *Stambaugh v. Price*, 532 S.W.2d 929 (Tenn.1976), and *Durham v. Dismukes*, 206 Tenn. 448, 333 S.W.2d 935 (1960), this Court set out a number of criteria useful in determining whether a particular office is a county or state office: who pays the officer's salary; who pays the expenses incurred by the office; who is entitled to any fees collected by the office; whether there was legislative intent that the office have jurisdiction outside the county; and whether the "overall duties are applicable to the people of the county alone."

By statute, the circuit court clerk is guaranteed a minimum salary that will be paid by the county if the fees collected by the clerk's office are insufficient to pay the minimum salary. T.C.A. § 8–2409. Office supplies and record books are furnished by the county. T.C.A. §§ 8–2208, 5–901. Fees collected by the clerk's office that exceed the salaries and expenses of the office are remitted to the county. The third judicial circuit is limited by statute to Knox County. T.C.A. § 16–209. Therefore we have no difficulty in concluding that the overall duties of the clerk of the circuit court and general sessions court of Knox County are applicable to the people of Knox County alone.

The judgment of the chancellor is reversed. The case is remanded to the chancery court of Knox County with directions that appellant Lillian G. Bean be permitted to assume the office of clerk of the circuit and general sessions court for Knox County for the unexpired term of that office. Costs are adjudged against appellee Lucille Holt LaBonte.

BROCK, C. J., and COOPER, HENRY and HARBISON, JJ., concur.

## OPINION ON PETITION TO REHEAR

Appellee, LaBonte, asserts that our use of the phrase "unexpired term" indicates that Appellant Bean's appointment to the office of Clerk of the Circuit and General Sessions Courts of Knox County by the Knox County Quarterly Court would continue to August 31, 1982. It was not our intention to so hold.

■ The express language of Tennessee Constitution, Article VII, Section 2 provides that a person so appointed serves only until a successor is elected at the next election occurring after the vacancy and is qualified. We addressed the meaning of "next election" recently in *McPherson v. Everett*, 594 S.W.2d 677 (Tenn.1980). In the instant case, the next election will be held the first Thursday in August 1980, and Appellant Bean's appointment by the Knox County Quarterly Court expires when a person is elected at that time and is qualified.

The remaining issues raised in the Petition to Rehear were considered and rejected heretofore.

BROCK, C. J., and COOPER, HENRY and HARBISON, JJ., concur.