**SHELBY COUNTY ELECTION COMMISSION, Plaintiff–Appellee,**

v.

**Kenneth A. TURNER, Charles R. Martin, and Shelby County Commission, Defendants–Appellants.**

Supreme Court of Tennessee, at Jackson.

July 28, 1988.

C. Barry Ward, Jeffrey A. Jarratt, Glankler, Brown, Gilliland, Chase, Robinson & Raines, Memphis, for defendants-appellants.

Walter L. Evans, Evans & Kyles, Memphis, for plaintiff-appellee.

Tennessee Council of Juvenile Trial Judges, J.D. Lee, Knoxville, amicus curiae.

## OPINION

COOPER, Justice.

The primary issues on appeal are (1) whether a vacancy exists in the office of Clerk of the Juvenile Court of Memphis–Shelby County, Tennessee, and, (2) if so, when and how the vacancy must be filled. The answers to these issues depend, in the main, on the resolution of the issue of constitutionality of Chapter 629 of the Public Acts of 1988, amending T.C.A. § 37–1–211. The chancellor concluded that Article VI, Section 13 of the Constitution of Tennessee mandates that the office of Clerk of the Memphis and Shelby County

Juvenile Court is an elective office, and that Chapter 629 of the Public Acts, which provides otherwise, is unconstitutional. The chancellor did not decide when and how the vacancy in the office must be filled, but stayed the Election Commission from placing the position of Clerk of the Memphis and Shelby County Juvenile Court on the ballot pending final adjudication of this cause by the Tennessee Supreme Court.[1] The stay order issued by the chancellor was dissolved by this Court. This Court also ordered the election set for August 4, 1988, to be held as scheduled by the Shelby County Election Commission, with the results of the election being subject to further orders of this Court.

As background, Charles R. Martin, Jr. was appointed Clerk of the Juvenile Court of Memphis and Shelby County by the defendant Kenneth A. Turner, Judge of the Court. The appointment was by the authority voiced in T.C.A. § 37–1–211, which provided that:

> Clerks of special juvenile courts shall be appointed by the juvenile court judge and shall hold office at the pleasure of the judge....

On November 24, 1987, Paul A. Savarin filed a qualifying petition nominating him as a candidate in the August, 1988, General Election for the office of Clerk of the Juvenile Court of the Memphis and Shelby County Juvenile Court. The Shelby County Election Commission sought opinions from the State Coordinator of Elections and from the Attorney General relative to the qualifying petition, and whether the office of clerk should be on the general election ballot. The Attorney General of Tennessee voiced the opinion that the statute permitting the appointment of the Clerk by the Juvenile Court Judge was unconstitutional, and that the office was vacant. The State Coordinator of Elections advised the Election Commission to place the office on the August, 1988, general election ballot or, in the alternative, to file an action for declaratory judgment. The Election Commission chose the latter course of action and filed a petition for declaratory judgment on March 30, 1988.

On the day following the filing of the declaratory judgment action, an amendment to T.C.A. § 37–1–211 was signed into law. The Election Commission then amended its petition for declaratory judgment to set forth the new statute and to ask for direction in the performance of its responsibility, if any, to place the office of Clerk of the Juvenile Court of Memphis and Shelby County on the August, 1988, ballot. The several defendants, including the Juvenile Court Judge, the Clerk of the Court serving under the judge's appointment, the Shelby County Commission, as the county legislative body, and several citizens who had filed nominating petitions for the office of clerk of the juvenile court, filed answers joining issue on the questions raised in the complaint filed by the Election Commission.

Before getting to the merits of the case, we note that appellants have raised the question of standing of the Election Commission to bring this action, and also insist that the Election Commission should be barred from bringing the action by the doctrine of laches. We find no merit in either contention.

Basically, the Election Commission has only ministerial duties. We would point out, however, that included in these duties are the preparation of the ballot and the advertising of the election. Neither of these duties can be properly performed without including the several offices to be filled in the election. Before either task was performed several citizens filed qualifying petitions seeking to have their names placed on the ballot as candidates for the office of Clerk of the Juvenile Court. On being notified of the petitions, juvenile court officials took the position that no vacancy existed in the office of clerk and

---

1. The chancellor also directed the Election Commission to "continue to accept and process all qualified petitions for the position of clerk of the Juvenile Court up to the filing deadline of noon June 2, 1988 and take all other necessary action in preparation for the August 4, 1988 General Election, short of holding an election for said position, pending final review and determination by the Tennessee Supreme Court in this cause."

insisted the office should not be on the ballot. Being faced with these conflicting demands, the Election Commission turned to the Coordinator of Elections as it is directed to do by T.C.A. § 2–11–202. The Coordinator of Elections instructed the Election Commission to either place the office of Clerk of the Juvenile Court on the ballot or, in the alternative, to seek direction from a court of competent jurisdiction as to whether to place the office on the ballot. The Election Commission chose the alternative and brought the present action, naming as parties those having conflicting interests in the determination of the constitutionality of the statute under which the present clerk claimed his office. In our opinion a resolution of the dispute concerning the appointment of appellant, Martin, as Clerk was necessary to enable the Election Commission to properly carry out its ministerial duties, and the Election Commission had standing to seek a resolution of the dispute.

■ As to the issue of laches, the fact that the office of Clerk of Juvenile Court had not been placed on the ballot in the past is of no consequence. Such inaction does not waive any constitutional requirements, nor give any rights to an office holder claiming an office by appointment under an unconstitutional statute. Further, the statute in question did not become law until March 31, 1988. It was challenged on April 20, 1988. The time between passage of the Act and challenge certainly can not be classed as an undue delay.

T.C.A. § 37–1–211, as amended, provides that:

The appropriate legislative body of a county having a special juvenile court may by resolution designate the duly elected clerk of another court of that county to serve as clerk of the special juvenile court. Provided, however, that in any county in which the legislative body does not designate a duly elected clerk of another court to serve as clerk of the special juvenile court, the judge of such special juvenile court shall appoint a clerk or an administrator of said court

except in counties where a duly elected clerk is otherwise provided by law.

The legislature has the authority to provide that the clerk of one court shall serve as the clerk of another court, without violating Article VI Section 13 of the Constitution which requires that clerks of inferior courts be elected by the voters every four years. *See Hodge v. State,* 135 Tenn. 525, 188 S.W. 203 (1916). It is doubtful that this authority can be delegated to a county legislative body, but, in any event, the county legislative body did not undertake to exercise the authority in this case. The statute provides that where the county legislative body does not act, "the judge of such special juvenile court shall appoint a clerk or an administrator of said court, except in counties where a duly elected clerk is otherwise provided by law."

■ The authority given the Juvenile Court judge by T.C.A. § 37–1–211, as amended, is in violation of the Constitution of Tennessee. The Juvenile Court is an inferior court within the meaning of the constitution. *Waters v. State ex rel. Schmutzer,* 583 S.W.2d 756 (Tenn. 1979). Article VI, Section 13, of the Tennessee Constitution expressly provides that:

Clerks of the Inferior courts hold in the respective Counties or Districts, shall be elected by the qualified voters thereof for the term of four years.

It follows that a statute providing for the filling of the office of clerk by appointment, other than the filling of a vacancy until the next general election, has no validity and an appointment under the statute is void.

■ It has been suggested that T.C.A. § 37–1–211, as amended, could be made to conform with the Constitution of Tennessee by eliding a part of the statute and by reading into the statute a phrase which limits the appointing power of the juvenile judge. This Court has the obligation to uphold the constitutionality of a statute if there exists any reasonable construction which would satisfy the requirements of the constitution. However, the Court does

not have the power to completely re-write or make-over a statute.

T.C.A. § 8–48–101 provides that:

Any office in this state is vacated:

\* \* \* \* \* \*

(4) By the decision of a competent tribunal, declaring the election or appointment void or the office vacant;

Appellants acknowledge that a holding by the Court that the previously appointed position of juvenile court clerk should be an elected office, effectively, creates a vacancy in that office. However, appellants question how the vacancy should be filled and when the position of Clerk of the Juvenile Court of Memphis and Shelby County should be placed on a ballot. Appellants insist that under Article VII, Section 5 of the Constitution of Tennessee the vacancy should be by appointment effective until the next regular election for court clerks in 1990.

Article VII, Section 5 of the Constitution of Tennessee establishes the terms of service for judicial and other civil officers and provides that:

No appointment or election to fill a vacancy shall be made for a period extending beyond the unexpired term.

The constitutional provision also establishes 1870 as the date from which all terms of office shall be calculated. By such calculation, clerks of inferior courts will next face election in August, 1990.

Article VII, Section 2 of the Constitution of Tennessee provides:

Vacancies.—Vacancies in county offices shall be filled by the county legislative body, and any person so appointed shall serve until a successor is elected at the next election occurring after the vacancy and is qualified.

In *McPherson v. Everett*, 594 S.W.2d 677 (Tenn.1980), this Court considered the meaning of the phrase "next election occurring after the vacancy," in the context of a vacancy in a county office. We concluded that the phrase meant the next regular August general election. *See also, State ex rel. Webster v. Labonte*, 597 S.W.2d 893 (Tenn.1980) and *Marion County Board of*

*Commissioners v. Marion County Election Commission*, 594 S.W.2d 681 (Tenn. 1980), wherein we designated the time of an election to fill a vacancy in a county office to be the first Thursday in August, 1980—which was the *first* general election after the vacancy occurred, not the general election at the end of the full term of the office.

In the instant case, the first general election after the vacancy in the office of Clerk of the Juvenile Court of Memphis and Shelby County occurred will be held the first Thursday in August, 1988.

■ The judgment of the chancellor holding T.C.A. § 37–1–211, as amended by Chapter 629 of the Public Acts of 1988, to be unconstitutional is affirmed. The office of Clerk of the Juvenile Court of Memphis and Shelby County will be placed on the ballot in the County General Election to be held on the first Thursday in August, 1988, and the candidate receiving the most votes, on being qualified, shall serve until the next general election of clerks of inferior courts, which will be in August, 1990. Court costs are adjudged against the Shelby County Election Commission and its surety.

HARBISON, C.J., and FONES and O'BRIEN, JJ., concur.

DROWOTA, J., concurs in part and dissents in part.

DROWOTA, Justice, concurring in part and dissenting in part.

I concur with that portion of the majority opinion which holds T.C.A. § 37–1–211, as amended by Chapter 629 of the Public Acts of 1988, to be unconstitutional. I also agree with the majority that the Shelby County Election Commission has standing to bring this action and that the doctrine of laches is not applicable in this case. I agree with the majority opinion that a "vacancy" in the office of Juvenile Court Clerk exists.

My only disagreement with the majority opinion concerns how the "vacancy" created by this holding should be filled. The

majority opinion sets the date of the election to fill the vacancy "on the first Thursday in August, 1988." The first Thursday in August, 1988, is August 4, only 7 days after the release date of this opinion.

Chapter 629 of the Public Acts of 1988, the statute in question, did not become law until March 31, 1988. It was challenged on April 20, 1988. On May 9, 1988, Chancellor George Lewis found it to be unconstitutional. On motion of the Defendants, the Chancellor, on May 17, 1988, stayed the Shelby County Election Commission "from placing the position of Clerk of the Memphis and Shelby County Juvenile Court on the ballot for the August 4, 1988, General Election or any other ballot pending final adjudication of this cause by the Tennessee Supreme Court." The Chancellor further ordered the Election Commission to continue to accept and process all qualified petitions for the position of Clerk up to the filing deadline. The qualifying deadline for Juvenile Court Clerk was June 2, 1988. On June 13, 1988, this Court dissolved the stay order issued by the Chancellor, and an expedited appeal was granted. Oral arguments were heard in this cause on July 13, 1988. Our decision affirming the Chancellor is being released 7 days before the election.

At the time of the qualifying deadline, June 2, 1988, the Shelby County Election Commission was stayed "from placing the position of Clerk of the Memphis and Shelby County Juvenile Court on the ballot...." The qualifying deadline is one element of the election process. A stay of election was in effect on the date of the qualifying deadline and I am of the opinion that this cast uncertainty on the whole election process. Although this Court dissolved the stay on June 13, 1988, the qualifying process was not reopened. Due to the uncertainty of any case in litigation, the uncertainty of the election itself, and the time constraints on the candidates, I feel the more orderly and democratic process would be to fill the vacancy in accordance with T.C.A. § 18–1–402 and hold the election at the next general election in August, 1990.

It should be pointed out that this Court's decision in holding Chapter 629 of the Public Acts of 1988 unconstitutional will not only affect the Juvenile Court of Memphis and Shelby County, but other special Juvenile Courts throughout this State will also be affected. The elective process should not be in doubt until the eve of the election, the candidates and the public deserve more. Reason and logic support the Appellant's position of holding the election in 1990 and filling the Clerk's position in this case and other cases similarly situated by the appropriate vacancy statute.