IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE

AT JACKSON

APRIL 1999 SESSION



**FILED**

**August 2, 1999**

**Cecil Crowson, Jr.**
**Appellate Court Clerk**

| | | |
|---|---|---|
| STATE OF TENNESSEE, | ) | |
| | ) | |
| Appellee, | ) | No. 02C01-9803-CC-00068 |
| | ) | |
| | ) | Lake County |
| v. | ) | |
| | ) | Honorable J. Steven Stafford, Judge |
| | ) | |
| MARILYN ELAM, | ) | (Forgery) |
| | ) | |
| Appellant. | ) | |


For the Appellant:

Jim W. Horner
District Public Defender
208 N. Mill Avenue
P.O. Box 742
Dyersburg, TN 38025-0742
(AT TRIAL)

C. Michael Robbins
46 North Third Street
Memphis, TN 38103
(ON APPEAL)

For the Appellee:

Paul G. Summers
Attorney General of Tennessee
       and
Patricia C. Kussmann
Assistant Attorney General of Tennessee
450 James Robertson Parkway
Nashville, TN 37243-0493

C. Phillip Bivens
District Attorney General
       and
Mark L. Hayes
Assistant District Attorney General
115 E. Market St., P.O. Box E
Dyersburg, TN 38025-2005


OPINION FILED:_____


AFFIRMED

Joseph M. Tipton
Judge

## **O P I N I O N**

The defendant, Marilyn Elam, appeals as of right from her conviction following a bench trial in the Lake County Circuit Court for forgery, a Class E felony. The defendant was sentenced as a Range I, standard offender to one year of confinement in the custody of the Department of Correction. The defendant contends that the trial court erred in sentencing her to continuous confinement. We affirm the judgment of conviction.

The proof at trial established that Cary Richardson gave the defendant a ride to Huck's Convenience store on May 20, 1997. Angela Boehm was the cashier on duty at Huck's that day. The defendant purchased beer and cigarettes, and she presented a check for forty dollars bearing the name and address of Cary Richardson. In the presence of Ms. Boehm, the defendant signed the check, "Cary Richardson." The defendant was unable to produce identification, but Ms. Boehm accepted the check. The bank did not honor the check written against Mr. Richardson's account because the account had been closed. Mr. Richardson testified that the defendant did not have permission to sign his name on the check. The trial court found the defendant guilty of forgery.

At the sentencing hearing, Officer Gracie Ashley of Westate Corrections Networks testified that she was assigned to supervise the defendant following her plea of guilty to facilitation of the sale of cocaine on August 26, 1996. She testified that the defendant was sentenced to two years in Community Corrections. She testified that the defendant committed numerous violations of the conditions of her Community Corrections sentence and that the sentence was revoked on February 3, 1997. She said the defendant was then placed on probation, and the probation was in effect on May 20, 1997.

Probation Officer Richard Perkins testified that he was assigned to supervise the defendant's probation following the revocation of her Community Corrections sentence. He testified that the defendant was on probation at the time she committed the present offense. On cross-examination, Officer Perkins testified that the defendant reported to him every month as directed and that he had no problems from the defendant. He testified that while under his supervision, the defendant was subject to random drug testing and that the defendant never tested positive for alcohol or drugs.

A presentence report was introduced into evidence. It reflects that the defendant was thirty-seven years old at the time of the sentencing hearing. The report shows that the defendant has a previous conviction in 1996 for facilitation of the sale of a Schedule II drug. It reflects that the defendant dropped out of school after completing the eighth grade and has not been employed since 1981. The defendant reported that she is disabled and receives disability checks. She reported that she has very poor mental health and has had psychiatric counseling. She also reported that she suffers from back pain resulting from a shooting in 1981. The defendant reported previous difficulties with drug and alcohol dependence.

The trial court sentenced the defendant as a Range I, standard offender to one year of confinement to be served in the Department of Correction. In mitigation, the trial court found that the defendant's conduct neither caused nor threatened serious bodily injury. Tenn. Code Ann. § 40-35-113(1). The trial court applied the following enhancement factors, as listed in Tenn. Code Ann. § 40-35-114:

> (1) The defendant has a previous history of criminal convictions in addition to those necessary to establish the appropriate range;
>
> (8) The defendant has a previous history of unwillingness to comply with the conditions of a sentence involving release in the community; [and]

3

(13) The felony was committed while on any of the following forms of release status if such release is from a prior felony conviction:

. . . .

(C) Probation[.]

The trial court ordered that the defendant receive straight confinement, finding that measures less restrictive than confinement had been frequently or recently applied unsuccessfully to the defendant.  Tenn. Code Ann. § 40-35-103(1)(C).

Appellate review of sentencing is de novo on the record with a presumption that the trial court's determinations are correct.  Tenn. Code Ann. § 40-35-401(d).  As the Sentencing Commission Comments to this section note, the burden is now on the defendant to show that the sentence is improper.  This means that if the trial court followed the statutory sentencing procedure, made findings of fact that are adequately supported in the record, and gave due consideration and proper weight to the factors and principles that are relevant to sentencing under the 1989 Sentencing Act, we may not disturb the sentence even if a different result were preferred.  State v. Fletcher, 805 S.W.2d 785, 789 (Tenn. Crim. App. 1991).

However, "the presumption of correctness which accompanies the trial court's action is conditioned upon the affirmative showing in the record that the trial court considered the sentencing principles and all relevant facts and circumstances."  State v. Ashby, 823 S.W.2d 166, 169 (Tenn. 1991).  In this respect, for the purpose of meaningful appellate review,

> the trial court must place on the record its reasons for arriving at the final sentencing decision, identify the mitigating and enhancement factors found, state the specific facts supporting each enhancement factor found, and articulate how the mitigating and

4

enhancement factors have been evaluated and balanced in determining the sentence. T.C.A. § 40-35-210(f) (1990).

State v. Jones, 883 S.W.2d 597, 599 (Tenn. 1995).

Also, in conducting a de novo review, we must consider (1) the evidence, if any, received at the trial and sentencing hearing, (2) the presentence report, (3) the principles of sentencing and arguments as to sentencing alternatives, (4) the nature and characteristics of the criminal conduct, (5) any mitigating or statutory enhancement factors, (6) any statement that the defendant made on his own behalf and (7) the potential for rehabilitation or treatment. Tenn. Code Ann. §§ 40-35-102, -103, -210; see Ashby, 823 S.W.2d at 168; State v. Moss, 727 S.W.2d 229 (Tenn. 1986).

The sentence to be imposed by the trial court for a Class E felony is presumptively the minimum in the range when there are no enhancement or mitigating factors present. Tenn. Code Ann. § 40-35-210(c). Procedurally, the trial court is to increase the sentence within the range based upon the existence of enhancement factors and then reduce the sentence as appropriate for any mitigating factors. Tenn. Code Ann. § 40-35-210(d), (e). The weight to be afforded an existing factor is left to the trial court's discretion so long as it complies with the purposes and principles of the 1989 Sentencing Act and its findings are adequately supported by the record. Tenn. Code Ann. § 40-35-210, Sentencing Commission Comments; Moss, 727 S.W.2d at 237; see Ashby, 823 S.W.2d at 169.

The defendant contends that the trial court erred by ordering a sentence of continuous confinement. She argues that (1) the trial court erred by applying enhancement factor (8), that the defendant has a previous history of unwillingness to comply with the conditions of a sentence involving release in the community, (2) she is statutorily ineligible for continuous confinement, (3) the presumption in favor of alternative sentencing was not overcome, and (4) the trial court's denial of alternative

5

sentencing based on the unsuccessful application of measures less restrictive than confinement results in double enhancement. The state contends, and we agree, that a sentence of continuous confinement is supported by the record.

First, the defendant challenges the trial court's application of the enhancement factor found in Tenn. Code Ann. § 40-35-113(8), that she has a previous history of unwillingness to comply with the conditions of a sentence involving release in the community, as it relates to the denial of a sentence alternative to confinement. See Tenn. Code Ann. § 40-35-210(b)(5). Although she admits that her Community Corrections sentence was revoked for failure to comply with its conditions, the defendant nevertheless maintains that the record does not show an unwillingness to comply with a sentence not involving confinement. Despite the defendant's contention, we believe that her previous inability to comply with a Community Corrections sentence supports the application of enhancement factor (8), and we further believe that this was an appropriate factor for the trial court to consider in determining the manner in which the defendant is to serve her sentence. See Tenn. Code Ann. § 40-35-103(1)(C). This issue is without merit.

Next, the defendant contends that she is statutorily ineligible for continuous confinement. She argues that pursuant to Tenn. Code Ann. § 40-35-104(c)(8)(B), a sentence of continuous confinement is not authorized for standard offenders convicted of theft in violation of Tenn. Code Ann. § 39-14-103, involving property valued at less than one thousand dollars. She argues that this statute applies to her forgery conviction because forgery is punishable as theft, and theft of property or services valued at less than one thousand dollars is a Class E felony, as is her forgery conviction. Tenn. Code Ann. §§ 39-14-114(c), -105(2). The state argues that Tenn. Code Ann. § 40-35-104(c)(8)(B) applies to persons convicted of Tenn. Code Ann. § 39-

14-103, not forgery. It contends that the defendant is eligible for a sentence of continuous confinement.

Pursuant to Tenn. Code Ann. § 39-14-114(c), a conviction for forgery "is punishable as theft pursuant to § 39-14-105, but in no event shall forgery be less than a Class E felony." The defendant relies upon Tenn. Code Ann. § 40-35-104(c)(8)(B), which states in pertinent part that a sentence of continuous confinement in the Department of Correction is authorized for felony convictions of one year or more, unless "[t]he defendant is convicted of a violation of § 39-14-103, involving property valued at less than one thousand dollars ($1,000) and such defendant is sentenced as . . . a standard offender . . . ."

Because the defendant presents an issue requiring statutory interpretation, we first turn to an analysis of the guiding principles. A court's interpretation of a statute must give effect to the legislature's intent when enacting the statute. Owens v. State, 908 S.W.2d 923, 926 (Tenn. 1995). Thus, the court's role is to "ascertain and give effect to the legislative intent without unduly restricting or expanding a statute's coverage beyond its intended scope." Id.; see Hicks v. State, 945 S.W.2d 706, 707 (Tenn. 1997); State v. Davis, 940 S.W.2d 558, 561 (Tenn. 1997); State v. Sliger, 846 S.W.2d 262, 263 (Tenn. 1995). When a statute is unambiguous, the court should enforce the statute as written, without resorting to auxiliary rules of construction. Browder v. Morris, 975 S.W.2d 308, 311 (Tenn. 1998). "Unambiguous statutes must be construed to mean what they say." Robertson v. University of Tennessee, 912 S.W.2d 746, 747 (Tenn. 1995) (citation omitted).

Viewed in this light, we conclude that Tenn. Code Ann. § 40-35-104(c)(8)(B) applies only to convictions for Tenn. Code Ann. § 39-14-103, not forgery. The statute providing an exemption from continuous confinement in the Department of

7

Correction for Class E felony property theft convictions is unambiguous. By its plain language, it does not apply to convictions for crimes that are punished as thefts but only to convictions for violations of Tenn. Code Ann. § 39-14-103, i.e., theft of property. In addition, the forgery statute provides that forgery is punished as theft pursuant to § 39-14-105. It does not provide that forgery is punished as theft pursuant to Tenn. Code Ann. § 40-35-104(c)(8)(B). An analysis of the plain language of Tenn. Code Ann. § 40-35-104(c)(8)(B) and of the forgery statute leads us to conclude that the legislature did not intend for forgery convictions to be exempt from a sentence of continuous confinement in the Department of Correction.[1] We decline the defendant's invitation in the present case to extend the scope of the statute beyond the plain meaning of its terms. In addition, we note that although this issue was not raised, this court has upheld sentences of confinement for Range I, standard offenders convicted of Class E felony forgery. See State v. Franklin, 919 S.W.2d 362, 364 (Tenn. Crim. App. 1995); State v. Paul Brent Baxter, No. 01C01-9311-CC-00389, Marshall County (Tenn. Crim. App. July 28, 1994).

Next, the defendant contends that as a standard offender convicted of a Class E felony, she is entitled to a presumption in favor of a sentence alternative to confinement. Tenn. Code Ann. § 40-35-102(6). She argues that this presumption is not overcome by any evidence in the record. On the contrary, we agree with the trial court that a sentence of confinement is justified because "[m]easures less restrictive than confinement have frequently or recently been applied unsuccessfully to the defendant[.]" Tenn. Code Ann. § 40-35-103(1)(C). The record shows that the defendant's previous Community Corrections sentence was revoked because of her failure to comply with its conditions. Furthermore, the defendant was on probation at the time she committed the present offense. We conclude that the record

---

[1]We note that the statute prohibits a sentence of continuous confinement only in the Department of Correction. It does not prevent a one-year sentence to continuous confinement in a local jail or workhouse.

demonstrates the defendant's inability to abide by sentences involving release in the community and supports the trial court's denial of a sentence alternative to confinement.

Finally, the defendant also contends that the trial court "double enhanced" her sentence because it relied upon the defendant's being on probation at the time of the present offense both to enhance her sentence within the range and to deny a sentence alternative to confinement. See Tenn. Code Ann. §§ 40-35-103(1)(C), -114(13)(C). First, we note that the trial court's denial of alternative sentencing was justified both because the defendant was on probation at the time of the present offense and because the defendant failed to comply with the terms of her Community Corrections sentence. Either of these facts, standing alone, support a conclusion that less restrictive measures than confinement have been recently applied unsuccessfully to the defendant and would justify the denial of a sentence alternative to continuous confinement.

In any event, we do not believe that the trial court's reliance on the defendant's probation status for both enhancement within her range and imposition of a sentence of confinement was improper. In State v. Davis, 825 S.W.2d 109, 113 (Tenn. Crim. App. 1991), this court held that nothing in the 1989 Sentencing Act prohibited consideration of prior criminal convictions and conduct for both enhancement and consecutive sentencing purposes and that such consideration did not involve double jeopardy. We believe that a similar conclusion applies to the present case. Pursuant to Tenn. Code Ann. § 40-35-210(b)(5), the trial court is obligated to consider enhancement factors in determining both the sentence and the manner in which it is to be served. The use of the defendant's probation status to enhance her sentence within the range does not bar the use of such status to justify the sentence being served in confinement.

9

In consideration of the foregoing and the record as a whole, we affirm the judgment of conviction.

_____
Joseph M. Tipton, Judge

CONCUR:

_____
David G. Hayes, Judge

_____
L.T. Lafferty, Senior Judge