# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
## AT NASHVILLE
Assigned On Briefs January 18, 2012

## STATE OF TENNESSEE v. KENDRICK MILES

**Appeal from the Circuit Court for Rutherford County**
**No. F-65756   Don R. Ash, Judge**

_____

**No.  M2011-01349-CCA-R3-CD - Filed April 18, 2012**

_____

Appellant, Kendrick Miles, pled guilty in the Rutherford County Circuit Court to one count of aggravated assault, a Class C felony.  Pursuant to his plea agreement, the trial court sentenced Appellant as a Range I, standard offender to four years.  The trial court held a sentencing hearing specifically for the purpose of addressing Appellant's request for alternative sentencing.  The trial court denied Appellant's request and ordered Appellant to serve the sentence in incarceration.  On appeal, Appellant argues that the trial court erred in denying an alternative sentence.  After a thorough review of the record, we conclude that the trial court considered the pertinent sentencing guidelines and principles and properly denied Appellant's request for alternative sentencing.  Therefore, we affirm the judgment of the trial court.

 **Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court is Affirmed.**

JERRY L. SMITH, J., delivered the opinion of the court, in which JAMES CURWOOD WITT, JR., and CAMILLE R. MCMULLEN, JJ., joined.

Guy R. Dotson, Jr., Murfreesboro, Tennessee, for the appellant, Kendrick Miles.

Robert E. Cooper, Jr., Attorney General and Reporter; Clark B. Thornton, Assistant Attorney General; William Whitesell, District Attorney General; and Jude Santana, Assistant District Attorney General, for the appellee, State of Tennessee.

# OPINION

## *Factual Background*

On June 1, 2010, Appellant had an altercation with Randall Matthews in a parking lot. When the altercation was over, both Appellant and Mr. Matthews went to their vehicles, which were parked across the parking lot from one another. When Appellant returned to his vehicle, he retrieved a nine-millimeter pistol and fired three shots at Mr. Matthews. The bullets struck Mr. Matthews's vehicle, but Mr. Matthews himself was not hit. Shortly thereafter, officers with the Smyrna Police Department located Appellant's vehicle and conducted a traffic stop. The owner of the vehicle, Lakisha Duncan, gave the officers consent to search. As a result of the search, officers recovered a nine-millimeter Kel-Tec pistol from under the front passenger seat. Appellant was taken to the Smyrna Police Department and questioned.

On January 5, 2011, the Rutherford County Grand Jury indicted Appellant for one count of attempted murder, one count of aggravated assault, and one count of felony reckless endangerment. On March 28, 2011, Appellant pled guilty to one count of aggravated assault. Pursuant to the plea agreement, the remaining counts in the indictment were dismissed, and Appellant was sentenced as a Range I, standard offender to four years.

On May 16, 2011, the trial court held a sentencing hearing solely for the purpose of determining the manner in which Appellant would serve his sentence. The trial court addressed Appellant and made the following ruling from the bench at the sentencing hearing:

> Sir, first of all, there's a number of factors I'm supposed to look at in making this determination. One, is the crime violent. Shooting someone's car or shooting at them is violent. Secondly, do you have a long history of criminal convictions or criminal behavior. While many of them are . . . driving on license suspended, I do have that domestic assault conviction. Then there's some other factors I'm to consider. Namely about are there other instances of similar offenses. There's no proof of that. I don't see that it was for gain. You didn't lead someone else to crime. Have there been less restrictive than confinement, have you been given other opportunities for probation. You have. Based upon all that, I'm going to find that you're not a good candidate for probation and order you to serve this sentence.

Appellant filed a timely notice of appeal.

*ANALYSIS*

On appeal, Appellant argues that the trial court erred in denying his request for an alternative sentence. The State argues that Appellant waived review of his sentence by failing to include a transcript of Appellant's guilty plea hearing in the record, and that if Appellant did not waive review, the trial court properly sentenced Appellant.

We first address the State's contention that Appellant has waived review by failing to include a transcript of Appellant's guilty plea hearing. As a general rule, a defendant appealing from a trial court bears the burden of preparing the record for appeal. Failure to prepare an adequate record leads to a presumption that the trial court's rulings are correct. *See* Tenn. R. App. P. 24(b); *State v. Oody*, 823 S.W.2d 554, 559 (Tenn. Crim. App. 1991). In cases wherein a defendant pleads guilty, the guilty plea hearing is the equivalent of a trial, and "a transcript of the guilty plea hearing is often (if not always) needed in order to conduct a proper review of the sentence imposed." *State v. Keen*, 996 S.W.2d 842, 843-44 (Tenn. Crim. App. 1999). This is especially true when the trial court's sentencing decision is based heavily on the facts and circumstances of the offense. However, this is not always the case. Here, the trial court's decision of whether to grant or deny Appellant's request for alternative sentencing relied heavily on Appellant's criminal record and history with alternative sentencing. Moreover, the facts of the particular crime that the trial court did consider were presented at the sentencing hearing and are evident in the record. Therefore, we conclude that the record is sufficient to enable us to review the trial court's decision.

"When reviewing sentencing issues . . . the appellate court shall conduct a de novo review on the record of such issues. Such review shall be conducted with a presumption that the determinations made by the court from which the appeal is taken are correct." T.C.A. § 40-35-401(d). "However, the presumption of correctness which accompanies the trial court's action is conditioned upon the affirmative showing in the record that the trial court considered the sentencing principles and all relevant facts and circumstances." *State v. Ashby*, 823 S.W.2d 166, 169 (Tenn. 1991). In conducting our review, we must consider the defendant's potential for rehabilitation, the trial and sentencing hearing evidence, the pre-sentence report, the sentencing principles, sentencing alternative arguments, the nature and character of the offense, the enhancing and mitigating factors and the defendant's statements. T.C.A. §§ 40-35-103(5), -210(b); *Ashby*, 823 S.W.2d at 169. We are to also recognize that the defendant bears "the burden of demonstrating that the sentence is improper." *Ashby*, 823 S.W.2d at 169.

With regard to alternative sentencing, Tennessee Code Annotated section 40-35-102(5) provides as follows:

In recognition that state prison capacities and the funds to build and maintain them are limited, convicted felons committing the most severe offenses, possessing criminal histories evincing a clear disregard for the laws and morals of society, and evincing failure of past efforts at rehabilitation shall be given first priority regarding sentencing involving incarceration. . . .

T.C.A. § 40-35-102(5).

A defendant who does not fall within this class of offenders "and who is an especially mitigated or standard offender convicted of a Class C, D, or E felony, should be considered a favorable candidate for alternative sentencing options in the absence of evidence to the contrary. . . . A court shall consider, but is not bound by, the advisory sentencing guideline in this subdivision." T.C.A. § 40-35-102(6); *see also State v. Carter*, 254 S.W.3d 335, 347 (Tenn. 2008). Furthermore, with regard to probation, a defendant whose sentence is ten years or less is eligible for probation. T.C.A. § 40-35-303(a).

However, all offenders who meet the criteria for alternative sentencing are not entitled to relief; instead sentencing issues must be determined by the facts and circumstances of each case. *See State v. Taylor*, 744 S.W.2d 919, 922 (Tenn. Crim. App. 1987) (citing *State v. Moss*, 727 S.W.2d 229, 235 (Tenn. 1986)). Even if a defendant is a favorable candidate for alternative sentencing under Tennessee Code Annotated section 40-35-102(6), a trial court may deny an alternative sentence because:

(A) Confinement is necessary to protect society by restraining a defendant who has a long history of criminal conduct;
(B) Confinement is necessary to avoid depreciating the seriousness of the offense or confinement is particularly suited to provide an effective deterrence to others likely to commit similar offenses; or
(C) Measures less restrictive than confinement have frequently or recently been applied unsuccessfully to the defendant; . . . .

T.C.A. § 40-35-103(1)(A)-(C). In choosing among possible sentencing alternatives, the trial court should also consider Tennessee Code Annotated section 40-35-103(5), which states, in part, "[t]he potential or lack of potential for the rehabilitation or treatment of a defendant should be considered in determining the sentence alternative or length of a term to be imposed." T.C.A. § 40-35-103(5); *State v. Dowdy*, 894 S.W.2d 301, 305 (Tenn. Crim. App. 1994). The trial court may consider a defendant's untruthfulness and lack of candor as they relate to the potential for rehabilitation. *See State v. Nunley*, 22 S.W.3d 282, 289 (Tenn. Crim. App. 1999); *see also State v. Bunch*, 646 S.W.2d 158, 160-61 (Tenn. 1983); *State v.*

*Zeolia*, 928 S.W.2d 457, 463 (Tenn. Crim. App. 1996); *State v. Williamson*, 919 S.W.2d 69, 84 (Tenn. Crim. App. 1995); *Dowdy*, 894 S.W.2d at 305-06.

Appellant pled guilty to one count of aggravated assault, a Class C felony, and was sentenced to less than ten years. Therefore, he is eligible for alternative sentencing, including probation. *See* T.C.A. § 40-35-102(6); *Carter*, 254 S.W.3d at 347. In addition, we point out that the above considerations are advisory only. *See* T.C.A. § 40-35-102(6).

We have reviewed the record on appeal and find that the trial court considered the sentencing guidelines and principles and all pertinent facts in the case. Therefore, there is a presumption of correctness in the findings of the trial court. The bases upon which the trial court denied alternative sentencing were primarily the fact that the crime was violent and, at the time of the crime, Appellant was on probation for another crime of violence. The trial court relied on this fact to find that Appellant had failed to successfully complete a previous attempt at alternative sentencing.

We acknowledge that Appellant does not appear to have an extensive criminal history. However, the violent nature of the crime at issue in this case, and the fact that Appellant was, at the time of the crime, on probation for another violent offense, demonstrates a disrespect for the safety of others, as well as a disrespect for the laws of the State of Tennessee. Appellant has been given a chance at probation, and he was unable to meet the conditions of this alternative sentence. This fact alone is sufficient to deny Appellant's request for alternative sentencing. *See State v. Elam*, 7 S.W.3d 103, 108 (Tenn. Crim. App. 1999). We agree with the trial court's assessment that Appellant is not a good candidate for alternative sentencing. Therefore, we conclude that the trial court's denial of alternative sentencing is supported by the record.

### *CONCLUSION*

For the foregoing reasons, we affirm the judgment of the trial court.

_____
JERRY L. SMITH, JUDGE